[Northington v. Faber.]

# Northington, Administrator, v. Faber.

## Trover.

1. *Mortgage; what void.* — A mortgage by the wife of her statutory separate estate, to secure payment of her husband's debt, is void, conferring no title on the purchaser under it, and she, or her personal representative, may maintain trover against the purchaser for the conversion of property thus acquired.

2. *Husband, how becomes indebted to wife and how may secure indebtedness.* — If the husband converts the wife's statutory separate estate, he becomes indebted to her to the amount used, and although insolvent and largely indebted, may secure such debt by a mortgage of property to a trustee for her; and the conveyance, if made *bonâ fide*, is valid against the husband's creditors.

3. *Mortgage to secure wife; what she takes at purchase under.* — Where the wife purchases under the mortgage, at a sale made in pursuance thereof, and a conveyance is executed to her, the legal title vests in her, and such property is her statutory separate estate.

4. *Charge; what should be refused.* — A charge which is not applicable to the evidence, or calculated to mislead the jury, should be refused.

APPEAL from Circuit Court of Autauga.

Tried before Hon. JAMES Q. SMITH.

In an action of trover brought by appellant, Northington, as administrator of Euphrenia Hall, deceased, against appellee, Faber, to recover damages for the conversion of certain personal property, the following state of facts appeared: —

In 1867, Dixon S. Hall, husband of said Euphrenia, executed a trust deed or mortgage to A. G. Smith, as trustee for said Euphrenia, upon the property sued for, which recited that in 1858, he (Hall) had received from the administrator of his wife's father her distributive share of his estate, and had converted it to his own use, whereby he had become indebted to her in the sum of $3,645. The instrument provided that if the debt was not paid by the first day of January, 1868, the trustee should take possession of the property, and, after due advertisement, sell the same to the highest bidder for cash, for the purpose of paying the debt, &c., and that the trustee shall hold the sum so received for the " sole use and benefit" of the wife, to be invested or disposed of as she might direct in writing. This deed was duly recorded in the office of the probate judge the same year.

The debt not having been paid at maturity, the trustee proceeded to advertise and sell the property in the manner required by the trust deed, and the said Euphrenia, being the highest and best bidder, became the purchaser. The trustee executed a deed to her, dated January 2, 1869, reciting the foregoing facts, which " granted, bargained, sold, and conveyed " to her " all the right, title, and interest," which the trustee had in and to the property, by virtue of the trust deed, " to have and to hold unto her, her heirs, executors, administrators, and assigns forever."

[Northington v. Faber.]

On the 22d day of February, 1871, said Euphrenia and her husband, Dixon S. Hall, executed a mortgage, attested by two witnesses, upon the property, to Faber & Co., to secure a debt of the husband. This mortgage contained the usual power to take possession of the property, and sell in default of payment. The plaintiff objected and excepted to the admission of the mortgage as evidence. It does not appear from the evidence whether there had been a sale under the mortgage, but the possession of the property covered by it was admitted by appellee, who refused to deliver it upon demand.

It was shown that at the time Dixon S. Hall executed the trust deed he was insolvent, but he testified that he had since paid all the debts in existence at the time of its execution. There was also testimony tending to show the truth of the facts recited in the trust deed, and the trustee's conveyance under it. There was evidence that the said Euphrenia executed the mortgage in defendant's store and expressed no dissatisfaction; but it also appeared that defendant had no conversation with her, and that neither she, nor any one in her presence, made any declarations about it.

Euphrenia and Dixon S. Hall were married in this State in 1857, and she died here in the spring of 1871. Her father was also a resident of this State, and administration was had here upon his estate.

There was much other evidence introduced and many exceptions reserved to the ruling of the court thereon, but the foregoing is all that is in any way material to points decided by the court.

The court below charged the jury, among other things, that "if they believed that Mrs. Hall, by her silence, acts, declarations, or deed, induced Faber & Company to believe that the property embraced in the mortgage was her husband's, and procured credit for him on the faith of it, this was a fraud upon them, and that neither she nor her personal representative could or would be allowed in a court of law to set up a claim to the property against defendant, so. as to defeat his title thereto."

This charge was given in a general charge embodying several other propositions of law. The plaintiff excepted to the charge as a whole, and especially to that portion of it which is given above.

This charge, among other things, is now assigned as error.

W. H. & W. T. NORTHINGTON, for appellant. — The case of *Davidson* v. *Lanier*, June term, 1874, taken in connection with *Bibbs* v. *Pope*, 43 Ala. 90, and *Wilkinson* v. *Cheatham*, 45 Ala. 337, settles nearly every question involved in favor of appellant.

[Northington v. Faber.]

They show that appellant's mortgage was void. The charge excepted to was abstract. Besides, the deed being void, no estoppel will be worked by it.    8 Ala. 543.

ELMORE & GUNTER and C. S. G. DOSTER, *contra.* — The conveyance of the husband and wife, attested by two witnesses, in the manner required by law for the conveyance of the wife's statutory estate, passed the legal title out of her to the defendant. She might go into equity, but cannot recover at law. 37 Ala. 91; 31 Ala. 440; 43 Ala. 190. She alone could exercise the option or election to do this. Having died without making any objection, it is presumed she wished the mortgage to stand, and her administrator cannot now elect for her. This being so, and fatal to the plaintiff's right of recovery, it is immaterial what errors intervened on the trial.

JUDGE, J. — That the wife cannot make a valid mortgage of her statutory separate estate to secure the payment of her husband's debts, is now the settled law of this State; and it is also settled, that every such mortgage is forbidden by law and void. *Bibb & Wife* v. *Pope*, 43 Ala. 90; *Wilkinson* v. *Cheatham*, 45 Ala. 337; *Davidson* v. *Lanier*, June term, 1874.

Furthermore, it was held in the case of *Davidson* v. *Lanier*, *supra*, that if the husband uses the statutory separate estate of his wife, he becomes indebted to her to the amount thus used, and may pay or secure the debt by a conveyance of property for that purpose; and that, although the husband may be insolvent, and owe other creditors at the time, the wife will be protected in her title thus acquired, both against the husband and the husband's creditors.

The principles settled by these decisions have been too long acquiesced in, and acted upon, to be now disturbed, even though we should doubt their correctness; and an application of them to this case relieves it of all difficulty.

If the conveyance by Hall to the trustee was *bonâ fide* made to secure an actual subsisting indebtedness by him to his wife, incurred by the conversion of his wife's statutory separate estate, its validity can in no way be affected by his having been indebted at the time, to other creditors, beyond his ability to pay; and if such was the character and purpose of the conveyance, when Mrs. Hall became invested with the title to the property conveyed therein, by a sale thereunder, as is shown by the record, it was her separate estate, under the Code of Alabama; and the subsequent mortgage of the property by herself and husband to Faber & Co., to secure the payment of a debt of the husband, conveyed no title or interest to them. If the title of Mrs. Hall had been *bonâ fide* acquired, the mortgage

was simply a nullity, and it can be successfully attacked as such in any court where a right is claimed under it.

The charge of the court below, excepted to by the plaintiff, that if the jury should believe that Mrs. Hall, " by her silence, acts, declaration, or deed, induced Faber & Co. to believe that the property embraced in the mortgage was her husband's, and procured credit for him on the faith of it," &c., that then they must find for the defendant, was erroneous. The bill of exceptions purports to set out all the evidence introduced on the trial, and we can perceive no testimony which authorized this charge. It was not only abstract, but had a tendency to mislead the jury.

We deem it unnecessary to notice any other questions presented by the record, as what we have said, it is believed, will afford a sufficient guide for the circuit court on another trial.

Let the judgment be reversed and the cause remanded.