# Hammond, adm'r &c. *v.* Thompson.

*Final Settlement and Distribution of Decedent's Estate.*

1. *Conveyance of wife's statutory separate estate* —Under statutory provisions in this State (Rev. Code, §§ 1552, 2773), the statutory separate estate of a married woman can only be conveyed by the *joint* deed of herself and her husband, acknowledged by them, or attested by two witnesses : where a deed is executed by the wife alone, using words of conveyance, and reciting that she is a married woman, and her husband executes another instrument under seal, on the same paper, and at the same time, declaring that he does "consent to and approve the sale and conveyance to the within named W. T." [grantee], "for the consideration, and upon the terms expressed in the within and foregoing instrument of transfer and conveyance,"—this is the deed of the wife only, and is not a compliance with the requisitions of the statute.

| Hammond, adm'r &c. v. Thompson.]

APPEAL from the Probate Court of Madison.

In the matter of the final settlement and distribution of the estate of Dudley Sale, deceased, by F. L. Hammond, the administrator. The said decedent died in said county of Madison, the place of his residence, in 1866-7 ; and letters of administration on his estate were regularly granted to said F. L. Hammond. In April, 1873, said Hammond made a final settlement of his administration; on which settlement it was ascertained, that there was a balance of $137 in his hands, as the distributive share of Mrs. Martha A. O'Neal, who was the wife of Basil W. O'Neal, and a daughter of said Dudley Sale. Thereupon, William W. Thompson filed his petition in said court, claiming that Mrs. O'Neal's distributive share of said estate had been assigned to him, and asking that it might be decreed to him. On the hearing of his petition, which was contested by Mrs. O'Neal, he produced and relied on an instrument of writing, which was in the following words :

"Martha A. O'Neal ⎫    The State of Alabama, Madison
          To ⎬ Bill of sale ⎬ county. I, Martha A. O'Neal, wife
W. W. Thompson. ⎭ of Basil W. O'Neal, of said county and State, for and in consideration of the sum of one thousand dollars, paid at and before the ensealing and delivery hereof, the receipt whereof is hereby acknowledged, have bargained, sold, and transferred, and by these presents do bargain, sell, and convey, to said Thompson, of said county and State, all my undivided right and interest in the estate of my father, Dudley Sale, late of said county, deceased, whether real or personal. In witness whereof, I have hereunto subscribed my name, and affixed my seal, this 24th day of January, 1867."          "MARTHA A. O'NEAL, [seal]."

"I, Basil W. O'Neal, of the county of Madison, and State of Alabama, husband of the within named Martha A. O'Neal, do hereby consent to and approve the sale and conveyance to the within named W. W. Thompson, of her undivided right and interest in the estate of her father, Dudley Sale, late of said county, deceased, for the consideration, and upon the terms expressed in the within and foregoing instrument of transfer and conveyance. Witness my hand and seal, this 24th day of January, 1867."

"BASIL W. O'NEAL, [seal]."

Attached to this instrument, or indorsed on it, was the certificate of a justice of the peace, also dated the 24th January, 1867, "that M. A. O'Neal and B. W. O'Neal, whose names are signed to the foregoing deed of conveyance," and who were known to him, "acknowledged before me [him] on this day that, being informed of the contents of the conveyance,

they executed the same voluntarily, on the day the same bears date;" and an indorsement by the probate judge, stating that "the foregoing conveyance" was left in his office for record on the 6th February, 1867. The court held that this instrument was valid and effectual to convey Mrs. O'Neal's distributive interest in the estate to said Thompson, and therefore rendered a decree in his favor; to which ruling and decree she reserved an exception, and, now assigns the same as error.

JAMES ROBINSON, and O'NEAL & O'NEAL, for appellant.

D. D. SHELBY, *contra.*

STONE, J.— "The property of the wife, or any part thereof, may be sold by the husband and wife, and conveyed by them, jointly, by instrument of writing attested by two witnesses." Rev. Code, § 2373. " Conveyances of a wife's property, made in writing by husband and wife jointly, and acknowledged before some officer authorized to take acknowledgments of conveyances, are as valid and adequate to pass the wife's estate as if the same were attested by two witnesses."—Rev. Code, § 1552; *O'Neal v. Robinson,* 45 Ala. 526.

"The provision [of the statute above] as to a *sale* of the property is obviously restrictive, and was doubtless intended to prohibit any *sale* of the wife's property, except such as might be made by the husband and wife."—*Smyth v. Oliver,* 31 Ala. 39.

"The separate estate of a married woman, held under the provisions of the Code, can only be conveyed by her and her husband jointly, by instrument of writing."—*Warfield v. Ravisies,* 38 Ala. 518. See, also, *Northington v. Faber,* 52 Ala. 45; *Coleman v. Smith,* at the present term.

In the present case, the wife conveyed alone, by instrument having the form of a deed, expressing the consideration, and reciting that she was a married woman. On the same paper, on the same day, and probably at the same time, the husband executed a paper under seal, by which he said he did "consent to and approve the sale and conveyance to the within named W. W. Thompson of her undivided right and interest in the estate . . for the consideration, and upon the terms expressed in the within and foregoing instrument of transfer and conveyance." The instrument signed and sealed by Mrs. O'Neal, employs the words *bargain, sell,* and *convey.*

It is manifest that the interest of Mrs. O'Neal was not conveyed by her and her husband to Thompson, "jointly,

by instrument of writing." In fact, the husband did not convey at all. The writing could not be declared on as the joint conveyance of husband and wife; could not, in fact, be declared on, in any form, as the conveyance of the husband. He did not assume to convey. Acting, and consenting that another may act, are, in law, very different transactions. O'Neal only consented that Mrs. O'Neal should convey.

In *Agricultural Bank of Miss. v. Rice*, Ch. J. TANEY said: "In order to convey by grant, the party possessing the right must be the grantor, and use apt and proper words to convey to the grantee : and merely signing and sealing and acknowledging an instrument, in which another person is grantor, is not sufficient."—4 How. U. S. 225, 241. See, also, *Harrison v. Simmons*, at the present term. We do not think the conveyance shown in the present record was sufficient to transfer the interest of Mrs. O'Neal.

It may be thought that our ruling above savors of technical strictness. It should be borne in mind, however, that it is a statutory power, under which the present conveyance is sought to be upheld. When regulations are prescribed by statute, not even courts of equity can dispense with their observance, or remedy their omission, where they constitute the apparent policy and object of the statute.—1 Story's Eq. Ju. § 96.

We consider it unnecessary to notice any other questions presented.

The decree of the Probate Court is reversed, and the cause remanded, to be proceeded in according to the principles of this opinion.