# Warren & Burch v. Jones.

*Creditor's Bill in Equity to set aside Fraudulent Conveyance.*

1. *Gift or conveyance by husband to wife.*—A gift or conveyance by the husband to the wife directly conveys to her an equitable estate; and such conveyance, if made *bona fide*, in consideration of an existing indebtedness, is valid against the husband's creditors.

2. *Conveyance by insolvent debtor.*—A conveyance by an insolvent debtor to one of his creditors, in payment of an existing debt, is not fraudulent against other creditors, although its effect may be to disappoint them; nor will the fraudulent intent of the grantor avoid it, unless the grantee had knowledge of such fraudulent intent, and participated in it.

3. *Revision of chancellor's decision on facts.*—The settled practice of this court is, not to disturb the decision of the chancellor on a disputed question of fact, unless clearly convinced that he has erred—in other words, unless there is a decided preponderance of evidence against the conclusion attained by him.

4. *Conveyance by husband to wife.*—The husband having conveyed a tract of land to his wife in payment of an existing indebtedness, and afterwards effected another conveyance to her through the medium of a third person as the conduit of title, for the purpose of curing supposed defects in the first conveyance; though the latter conveyance, if standing alone, 'might be constructively fraudulent against the husband's creditors, this would not affect the validity of the first deed, nor afford a ground for equitable relief.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 15th January, 1877, by Warren & Burch as partners, doing business in Montgomery as merchants under that name, against Thomas Jones and his wife, Mrs. Hattie E. Jones; and sought to subject to

the satisfaction of a judgment, which the complainants had recovered against said Thomas Jones, a tract of land which he had conveyed to and for the benefit of his wife, and to set aside the conveyances as fraudulent. The complainants' judgment was rendered on the 30th April, 1874, and was founded on an account for goods sold and delivered, which became due on the 1st October, 1873; and an execution on the judgment was returned "No property found" before the bill was filed. The tract of land contained about 817 acres, a portion of which, containing about 286 acres, was bought by said Thomas Jones in the latter part of the year 1871, at the price of ten dollars per acre, and the title taken in his own name; and the residue of the tract he had previously inherited. On the 29th December, 1873, he conveyed the entire tract of land, on the recited consideration of $8,000 in hand paid, to his wife, the deed being attested by two witnesses, but neither acknowledged nor recorded; and on the 7th February, 1874, he and his wife conveyed the land, except a homestead of eighty acres, to W. H. Barry, on a recited consideration of $5,000 "to us in hand paid by said Barry, by his note of hand, the receipt of which is hereby acknowledged;" and on the same day, Barry conveyed the same lands to Mrs. Hattie E. Jones, in consideration, as recited, "of $5,000 in the form of a certain promissory note," setting it out, "to me in hand paid this day by said Hattie E. Jones." The note, as set out in the deed, is signed by said Thomas Jones, dated February 5th, 1874, and payable one day after date to Mrs. Hattie E. Jones, "for value received, with interest from the 1st January, 1872, the same being for money in cash borrowed of her." Copies of the deed from Jones to Barry, and from Barry to Mrs. Jones, were made exhibits to the bill; and it was alleged that said deeds and notes were "in fact one contemporaneous transaction—was a sham and a fraud, made and received by the respective parties thereto with the intent and purpose of hindering, delaying and defrauding the creditors of said Thomas Jones, and especially complainants, in the collection of their just debts;" that said deeds conveyed all the property of said Thomas Jones, except his homestead of eighty acres; that he was indebted, at the time said deeds were executed, to different persons, in the aggregate amount of more than $2,000; and that the recited indebtedness to his wife was fictitious. An amended bill was filed, alleging the execution of the unrecorded deed from said Jones to his wife, notice of which, as the complainants alleged, they did not acquire until after the filing of their original bill; and they made similar charges of fraud in reference to it.

[Warren & Burch v. Jones.]

An answer was filed by Thomas Jones, which was also adopted by Mrs. Jones as her answer. He denied the charges of fraud in the execution of any of the conveyances assailed by the bill, affirmed their validity and good faith, and stated the facts connected with their execution, substantially as follows : He and his said wife were married in September, 1869, he being then over sixty years of age, while his wife was under thirty. He received no property by his wife, nor did she own any ; but he then owned the tract of land on which he lived, and had about $10,000 in gold and currency ; and he had made provision for his children by a former marriage, and owed no debts. A few days after their marriage, desiring to provide for her support and maintenance in the event of his death, and in fulfillment of a promise made to her before mariage, he gave and delivered to his wife the $10,000 which he had in money ; and she placed it in a trunk, or valise, of which she kept the key. Afterwards, at various times, the particular dates and amounts being specified, he borrowed almost the entire amount from her, $9,830 in all. Some of the money so borrowed was used in carrying on a supply store, which proved a failure because he could not collect the accounts due him, amounting to several thousand dollars, and $2,830 was used in paying for the tract of land purchased in 1871, and was borrowed for that purpose, on his promise that the purchase should be made for the benefit of his wife. A part of the purchase-money, about $1,400, was paid at the time the contract was made, and the residue when it fell due, some time during the year 1873 ; and the title to the land was taken, by mistake, in his own name. A short time afterwards, in December, 1873, for the purpose of correcting this mistake, and also in payment of the borrowed money which he owed his wife, then amounting to $9,830, which was the full value of the land, he conveyed the entire tract of land to her. At that time he owed about $2,000 to merchants in Montgomery, for supplies furnished during the year 1873 ; but there were no judgments against him, nor any suits pending, and the outstanding notes and accounts due him exceeded the amount of this indebtedness. Being afterwards advised that his deed to his wife was ineffectual as a conveyance, he adopted the plan of conveying the land to Barry, and letting Barry convey to Mrs. Jones, as shown by the respective deeds ; the deeds and notes being all parts of one and the same transaction, and designed to remedy the supposed defects of his first deed to his wife. At the time these deeds were executed, none of his indebtedness in Montgomery had been paid, and suits were pending or threatened against him ; but his pecuniary circumstances were not

known to his wife. The same facts, in substance, were stated by said defendants in their depositions, taken as evidence for themselves ; and there was other evidence corroborating their testimony on some material points.

On final hearing, on pleadings and proof, the chancellor held that the deed from Jones to his wife was a valid conveyance ; that its validity was not affected by any fraud connected with the subsequent conveyances and transactions ; and that the possession of Jones and wife, subsequent to the execution of his deed to her, must be referred to her title. He therefore dismissed the bill; and his decree is here assigned as error.

R. M. WILLIAMSON, and W. R. HOUGHTON, for appellants.

CLEMENTS & ENOCHS, contra.

SOMERVILLE, J.—This is a bill filed by the appellants, as creditors of Thomas Jones, to set aside a conveyance of certain lands made by him to his wife, on the alleged ground that it was made to hinder, delay, or defraud creditors. There were two deeds made by Jones ; the one dated and executed December 29th, 1873, directly to his wife, Mrs. Hattie Jones ; and the other, executed April 30, 1874, conveying the same land to one Barry, who immediately thereafter conveyed to Mrs. Jones, as previously agreed on by all parties interested The first deed conveyed only the equitable title ; and the last was designed, as the evidence satisfactorily shows, solely to perfect the first conveyance, which was supposed to be invalid and ineffectual.

The chancellor decided, that the first conveyance was free from fraudulent intent, in as much as Jones then owed his wife, for moneys borrowed of her, and belonging to her equitable separate estate, and the evidence of an intent to hinder and delay the complainants, or other creditors, was not satisfactory, although he was at that time indebted to the complainants.

Such conveyances, by the husband to the wife, have uniformly been held by this court to be valid, if made bona fide. Northington v. Faber, 52 Ala. 45 ; Brevard's Executors v. Jones, 50 Ala. 221 ; Coleman v. Smith, 56 Ala. 369. This deed was not rendered fraudulent, because it was a preference conferred by an insolvent debtor upon a particular creditor, the effect of which is to disappoint other creditors.—Flewellen v. Crane, 58 Ala. 627. Nor can it be so, unless the grantee had knowledge of the fraudulent intent of the grantor, and participated in it.—Marshall v. Croom, 60 Ala. 121.

[Clark v. Taylor & Co.]

The settled practice is, not to disturb the decision of a chancellor, on such questions of facts, unless we are "clearly convinced that he has erred," or, what is the same in effect, "unless there is a decided preponderance of evidence against the conclusion he attains."—*Derrick v. Brown*, 66 Ala. 162 ; *Marlowe v. Benagh*, 52 Ala, 112. We cannot see that the chancellor has erred in pronouncing the deed in question to be valid.

The evidence would be sufficient to vacate the deeds of April 30, 1874, as being fraudulent, if they stood alone. But their purpose was to convey merely the legal title of the husband, as trustee, to the wife as the beneficiary, through Barry, as a naked *conduit* of such title. This was fraud without damage, and afforded no ground for judicial action, or equitable relief.—3 Wait's Act. & Def. p. 442, § 10, p. 453, § 1. No creditor was injuriously affected by it.— *Wilson v. Sheppard*, 28 Ala. 623 ; *Paulk v. Wolfe*, 34 Ala. 541.

The decree of the chancellor is in harmony with these principles, and is affirmed.