# Kiser & Co. v. Gamble.

*Bill in Equity by Creditor to have Conveyance of Land set aside as Fraudulent.*

1. *Fraudulent conveyance; when fraudulent intent must be participated in by grantee.*—To render fraudulent and void, as against the grantor's creditors, a deed to lands executed by a husband to his wife in consideration of a large debt which he owed her, and which constituted a part of her statutory separate estate, it is not sufficient that the husband's intent, in executing the deed, was to hinder, delay or defraud his creditors ; but it must also clearly appear that the wife participated in such fraudulent intent.

[Mohr v. Chaffe Bros. & Co.]

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed by Kiser & Co., creditors of George W. Gamble, against said Gamble and his wife, for the purpose of vacating and setting aside a deed to lands, executed by him to her. On the hearing, had on pleadings and proof, the chancellor was of the opinion that the complainants were not entitled to relief; and he caused a decree to be entered, dismissing their bill. That decree is here assigned as error.

J. M. CHILTON, for appellants.

W. H. BARNES and OLIVER & GARRETT, contra.

SOMERVILLE, J.—If we concede that the evidence satisfactorily shows that the respondent, George W. Gamble, made the conveyance, which is assailed in the bill as fraudulent, with the intent to hinder, delay or defraud his creditors, it is not clear to us that the grantee, Mrs. Gamble, participated in such fraudulent intent. This was requisite in order to vitiate the *bona fides* of the conveyance, which was unquestionably based upon the valuable consideration of a large debt due by the grantor to the grantee, belonging to her statutory separate estate.— *Warren & Burch v. Jones*, 68 Ala. 449; *Marshall v. Croom*, 60 Ala. 121; *Coleman v. Smith*, 55 Ala. 369; *Flewellen v. Crane*, 58 Ala. 627.

Affirmed.