# Callen *v.* Rottenberry.

*Statutory Action in nature of Ejectment.*

1. *Judgment and execution against married woman; liability of statutory estate to sale under.*—Property belonging to the statutory estate of a married woman is not subject to levy and sale under execution on a judgment at law, rendered against her during coverture, and founded on a personal contract which she had no power to make.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JAMES E. COBB.

This action was brought by H. J. Callen, against John M. Rottenberry and Emily J., his wife, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 4th October, 1882. On the evidence adduced, the court charged the jury, on request, that they must find for the defendants, if they believed the evidence; and this charge, with other rulings on the pleadings and evidence, to which the plaintiff excepted, is now assigned as error. The opinion of the court states all the material facts.

A. C. HARGROVE, for the appellant.

SMITH & PETERS, and WATTS & SON, *contra*.

CLOPTON, J.—On October 20, 1869, Thomas Lawrence recovered, in the Circuit Court of Bibb county, a judgment *nil dicit* against Emily J. Rottenberry and Jordan Risinger, for fourteen hundred and ninety-four 57-100 dollars. The cause of action, upon which the judgment was rendered, was a promissory note made by Emily Rottenberry, Charles J. Rottenberry, and Jordan Risinger. At the time of the making of the note, of the commencement of the suit, and of the rendition of the judgment, Emily Rottenberry was a married woman, the wife of John M. Rottenberry, her co-defendant in this case. An execution was issued on the judgment, and levied upon the

[Callen v. Rottenberry.]

lands in controversy, as the property of Emily J. Rottenberry ; and they were sold by the sheriff, in March, 1882. At this sale, the lands were purchased by the appellant, to whom the sheriff executed a deed. The interest of Emily Rottenberry in the lands was her statutory separate estate. This suit was brought by the appellant to recover the lands, deriving his title from the sheriff's sale and deed.

As to the validity of a judgment against a married woman, upon a personal contract made during coverture, there is much conflict of authority. In several of the States, such judgment is held to be void, and the doctrine maintained, that a married woman may assert the defense of coverture against any judgment thus rendered, the same as it was available before the rendition of the judgment. In many other States, a judgment against a married woman is held to be valid and conclusive, until reversed and set aside by some proper mode. In Freeman on Judgments, § 150, it is said : "The preponderance of authority is in favor of the rule, that a judgment against a married woman is not void ; and that when erroneous, because based upon a contract which she was not competent to make, or from any other reason, it is still binding upon her until set aside on appeal, or by some other appropriate method." Although presented by the argument of counsel, we do not propose to decide, at this time, which is the correct doctrine, as from the view we take of this case, the determination of that question is not necessary to its decision.

As a general rule, a judgment is conclusive upon all pre-existing defenses, and upon all facts actually litigated and decided, or necessarily involved in the issue—upon all matters antecedent to, and authorizing its rendition ; but not upon matters extrinsic, or which may subsequently occur, unless such subsequent matters are included therein. A judgment on a promissory note is conclusive that the amount adjudged is due to the plaintiff by the defendant ; but the methods and proceedings for the enforcement of its collection are provided and formulated, and the property liable to seizure and sale for its payment is prescribed, by either the common law, or legislative enactments, and not by the judgment. To provide other means and modes by the judgment is judicial legislation.

Notwithstanding, then, a judgment in *personam* was rendered, the question remains, is the separate estate of *femme covert*, as created and regulated by the statutes of this State, subject to levy and sale under execution on a judgment upon a personal contract, which she was incompetent to make ?

In the consideration of this question, we receive but little, if any, aid from the decisions in other States upon their respective "Married Women's Acts." In those States in which

[Callen v. Rottenberry.]

a married woman is made capable of contracting, and of suing and being sued, generally, it is held that the same judgment may be rendered against her, upon a personal contract, with the same process for its enforcement, as if she were a *femme sole.*—*Patrick v. Littell,* 36 Ohio St. 79. In those States in which she is authorized to make contracts, specially, in relation to her separate estate, or her trade or business, it is held, that judgment at law may be recovered against her, and her separate estate taken on execution, as if she were unmarried, if the contract is within the special cases provided by the law.— *Williard v. Eastham,* 15 Gray, 328. So far as we have ascertained, our statutes are unlike those of any other State, creating a separate estate *sui generis.*

Section 3179 of Code of 1876 provides : " For the satisfaction of judgments, the party in whose favor a judgment is rendered, whether for debt, damages or costs, may, within a year thereafter, have a writ of *fieri facias* against the lands and goods of the party against whom the judgment is rendered ;" and section 3209 prescribes the property, real and personal, upon which executions may be levied. The words of these sections are broad enough to include judgments against married women, and the levy of executions upon their separate estate. General provisions, however, do not override special provisions in the same act. If special provisions are made in reference to particular property, they must be construed as exceptions from the general provisions. The Code was adopted by a single act of the legislature. Its different parts became law at the same time, and must be construed together, as if one act. Some effect must be given to every section. If special provisions, relating to the separate estates of married women, are contained therein, that make inapplicable the broad words of sections 3179 and 3209, these special provisions must be construed as exempting such separate estates from the operation of the general provisions of these sections ; upon the same rule, that those sections which exempt certain property from levy and sale under legal process are exceptions from the same general provisions.

In Freeman on Executions, § 110, after quoting the expression—" the general rule of law is, that all chattels, the property of the debtor, may be taken in execution"—the author says : " Perhaps it would be more accurate to say, that all kinds of personal property of the debtor, which can, at law, be by him made the subject of a voluntary transfer of title, can by execution be made the subject of an involuntary transfer." Whether property can be taken in execution rests upon the power of disposition, and of the capacity to charge it with debt. If the debtor has no power of disposition, or a power

limited and restrained as to *mode and purpose*, other than for the payment of debt, there can be no involuntary and compulsive transfer of the title by execution.—*Howell v. Hale*, 5 Lea (Tenn.), 406. If the property is not liable for the debt upon which judgment is rendered, if there be no power thus to charge it, the rendition of judgment can not create a liability. The debt is merged in the judgment, which determines its amount, and validity as a personal charge; but the judgment has no force to defeat the operation of statutes, that exempt the property from being made liable for the debt.

The application of these principles involves a consideration of the statutes creating and regulating the separate estates of married women.

By the statutes, all the property of the wife, held by her previous to the marriage, or to which she may become entitled after the marriage, in any manner, is her separate estate, and is not subject to the debts of her husband. The right and title to the property is secured to the wife, but it vests in the husband as trustee, with the right to manage and control it, and to receive the rents, income and profits, without liability to account to the wife, her heirs, or legal representatives. A substantial and valuable interest in the estate is vested in the husband.—*Seals v. Robinson*, 75 Ala. 363. By no act done or suffered by the wife alone, or jointly with another, without the concurrence or consent of the husband, can he be removed from his trust, and divested of his right to manage and control her separate estate, and to receive the rents, income and profits. He may renounce the trusteeship of the legal estate of his wife, and all rights and privileges incident thereto; in which event, the estate remains the property of the wife, but her separate estate.—*Harris v. Harris*, 71 Ala. 536.

The only mode, provided by the statutes, to remove the husband from the trust, other than as the effect of a divorce, is by bill in chancery, filed by the wife against the husband, alleging his unfitness or incapacity for the discreet and proper management of her estate. If a decree is made removing him, the wife thereafter has the same control over her estate, and the rents, issues and profits thereof, as if she were a *femme sole*, and may sue and be sued in her own name.

The right of the husband to manage and control the estate, and to receive the rents, income and profits, entitles him to its exclusive possession. In *Goode & Ulrick v. Longmire*, 35 Ala. 668, it was held, that a vested remainder in personal property can not, either by the common law, or under the statutes of this State, be seized under execution during the continuance of the life-estate, while the property is in the possession of the tenant for life. A levy upon personal property necessarily im-

plies a seizure, and no property is subject to levy which the sheriff can not lawfully take into possession. If a levy can be made upon the separate estate of the wife, the sheriff may, by virtue of an execution against the wife alone, take her personal property from the possession of the husband, without his consent; which, if done, would be a trespass.

The statutes further provide, that the property of the wife may be sold by the husband and wife, and conveyed by them jointly, by instrument in writing, attested by two witnesses. It has been uniformly held by this court, that a sale of the *corpus* of the statutory separate estate is void, unless it is in writing, signed by both husband and wife, and attested, or acknowledged, as required by the statute. A joint conveyance in writing by both husband and wife, and thus attested or acknowledged, is the only mode of disposing of her property, by voluntary transfer, that will operate to divest her title. The purpose of the sale is the re-investment of the proceeds in other property, which becomes the separate estate of the wife, or they may be used by the husband in such manner as is most beneficial for her. The wife can not execute a valid mortgage on her property, as security for her own debt, or the debt of her husband, or of any other person. A deed executed by the wife alone, when the husband signs another instrument under seal, on the same paper and at the same time, expressing his consent to, and approval of the sale and conveyance, has been held to be the deed of the wife alone, and is not a compliance with the requisitions of the statute.—*Hammond v. Thompson*, 56 Ala. 589; *McDonald v. Mobile Life Ins. Co.*, 56 Ala. 468; *Williams v. Auerbach*, 57 Ala. 90; *Pollak & Co. v. Graves*, 72 Ala. 347. Any conveyance, other than in the mode, and for the purpose prescribed by the statute, is forbidden by law, and is void.—*Northington v. Faber*, 52 Ala. 45. The wife's power of disposition is limited and restrained, both as to *mode* and *purpose*.

The separate estate is liable for "all articles of comfort and support of the household, and for tuition of the children of the wife, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law." This liability must be enforced in the form provided by the statute; and if by death, or otherwise, the statutory remedy can not be pursued, the separate estate can not be charged. The estate existing at the date of the contract is liable—not subsequently acquired property; and if the suit is against husband and wife jointly, the judgment against the wife must specify the property liable. "A general judgment, or a judgment which pretermits the ascertainment of the estate of the wife condemned to its satisfaction, can not be rendered."

*McCravey v. Todd*, 66 Ala. 315 ; *Hinson v. Gamble & Bolling*, 65 Ala. 605 ; *Ravisies v. Stoddart*, 32 Ala. 599 ; *Lee v. Ryall*, 68 Ala. 354. Upon no other contract, and in no other mode, when the suit is upon a contract, is she suable at law, except upon debts contracted before the marriage.

The statutes, as construed by numerous decisions of this court, relieve from and modify the disabilities of coverture, only to the extent expressed in them. The wife is not *sui juris ;* her estate is not a separate estate in its broadest import; nor has she capacity to contract beyond the express provisions of the statutes. "The uniform construction of the general statute has been, that while it enlarged the capacity of the wife to take and hold property, owned by her at the time of the marriage, or accruing to her subsequently, it did not enlarge her capacity to contract, even in reference to her separate estate, except in the mode and for the purposes pointed out and prescribed." Beyond a contract for articles of comfort and support of the household, and for tuition of the children of the wife, neither the husband, nor the wife, nor both jointly, can make the separate estate liable for any debt.—*Ashford v. Watkins*, 70 Ala. 156 ; *Lee v. Tannenbaum*, 62 Ala. 501. The prohibitory rules of the common law, upon the power of the wife to contract, are in force, except to the extent displaced by the express provisions of the statutes.— *Warfield v. Ravisies*, 38 Ala. 518.

Her husband is not a party to the judgment against Mrs. Rottenberry. If a sale of her separate estate, under execution on the judgment, operates to pass her title, the results are, that by a general and personal judgment of the Circuit Court against the wife, without her husband being a party, he is removed from his trust, deprived of his right to manage and control her estate, without his consent, or a renunciation of his rights, and divested of his interest in the estate ; the wife is divested of her right and title to the property, which she has no power to dispose of for the purpose of paying the judgment, and which she could not charge with the debt before or after judgment ; and this, by means other than those provided by the statute ; and a more effectual and reaching charge upon her separate estate is given to a contract that she was incompetent to make, and which is absolutely void, than is possessed by a contract for which the statute declares expressly the separate estate is liable; forasmuch as property acquired subsequently is subject to levy and sale under execution and personal judgment for money.

We are not unadvised, that in Freeman on Executions (§ 128) the author says : "When a personal judgment for money is entered against a married woman, either alone or in connection

[Callen v. Rottenberry.]

with other defendants, it is commonly conceded that execution may be issued, under which the sheriff may seize and sell her separate property." This statement needs qualification. Its correctness may be conceded, when the statutes remove the disabilities of coverture altogether, or enlarge the capacities of a married woman to contract, dispose of property, and to sue and be sued, as if she were unmarried; but not when the statutes, like ours, strictly limit the power to charge and alienate.

In *Haygood v. Harris*, 10 Ala. 291, it was held, that as the wife "could not be sued separately, *a fortiori*, an execution can not issue against her individually, either on a judgment obtained before or after marriage." This decision was made prior to the enactment of any statute creating separate estates, and was based upon principles of the common law. Although referred to, by the author above quoted, as standing alone, the same rule, as to judgments obtained after marriage, even for debts contracted before marriage, is virtually declared in *Crocker & Wife v. Clements*, 23 Ala. 296. CHILTON, C. J., says: "It appears to be well settled by the authorities, that aside from the statutes exempting the person of the wife from arrest, upon civil demands, both she and her husband might be taken in execution, and, when so taken, she was not entitled to her discharge, unless it was made to appear to the court that she had no separate property out of which the demand could be satisfied. . . . These authorities show, that even at common law, the separate property of the wife was made liable to satisfy her prior debts, in cases where it was in the power of that court to reach it. But our statute, exempting the wife from imprisonment for debt, effectually takes away the power of the common-law forum thus to afford relief." According to this decision, and the authorities cited in the opinion, the method by the common law by which the separate property of a married woman can be reached to satisfy a civil demand, is not by execution to be levied upon her separate property, but by arresting and detaining her person, until satisfaction of the judgment is made out of her separate estate.

A married woman is regarded in equity, as to her equitable separate estate, a *femme sole*, with power to bind it for any contract she may make, where the instrument creating it contains no restraint upon her power; and a court of equity will subject it to her debts, upon the ground, that her capacity not being limited by the creating instrument, she "has a *status* independent of, and separate from that which, at law, coverture imposes." But, where the instrument creating it contains a restraint upon her power, it can not be subjected to her debts, beyond the extent of her power to charge or alienate.—*Baker*

[Wilkinson v. Searcy.]

*v. Gregory*, 28 Ala. 544; *Turner v. Masson and Kelly*, 70 Ala. 85; *Hume v. Tenant*, 1 Bro. Ch. R. 46; *Morgan v. Elam*, 4 Yerger, 375; *Noyes v. Blakeman*, 2 Sel. 567. The power of the court to sell, and the power to charge, or dispose of, must co-exist, and are co-extensive.

On the foregoing principles we hold, that the statutory separate estate of a married woman can not, under the statutes of this State, be reached by a legal execution, other than for debts contracted before marriage. No title to the lands in controversy passed to the plaintiff by the sheriff's sale and deed.

It is unnecessary to pass on the other rulings of the court raised by the record; for, if erroneous, they are errors without injury.

Affirmed.