# Walton Whaun & Co. v. Atkinson *et al.*

*Bill in Equity by Creditors to set aside Fraudulent Conveyance.*

1. *Registered deed in Georgia; certified copy as evidence.*—Under the statutes of Georgia, as proved in this case, a deed duly registered is admissible as evidence, unless its execution is denied on oath; but a certified copy is not admissible as evidence, unless the loss or destruction of the original deed is satisfactorily proved; and when a certified copy is offered in evidence here, our courts will give effect to the Georgia statute.

2. *Burden of proof as to consideration of conveyance.*—When the validity of a conveyance is attacked by creditors whose debts were contracted before its execution, the burden of proving that it is supported by a valuable and adequate consideration is cast on the defendants.

3. *Gift by husband to wife, and subsequent conversion.*—A gift of money by the husband to his wife is valid against all persons except his existing creditors, and creates in her a separate estate; and his subsequent conversion of the money to his own uses makes him her debtor for the amount so converted.

4. *Sale by insolvent debtor to creditor; validity as against other creditors.* A debtor who is in failing circumstances, or even insolvent, may sell and transfer the whole of his property to one or more of his creditors, in satisfaction of their antecedent debts; and if there is no material difference between the value of the property and the amount of the debts, and no use or benefit is reserved to the debtor himself, the transaction will be sustained as against his other creditors.

APPEAL from Chambers Chancery Court.
Heard before Hon. S. K. McSPADDEN.

J. R. DOWDELL, for appellants.

N. D. DENSON, *contra.*

CLOPTON, J.—When by the laws of another State, a deed to property situate therein is required to be recorded, a copy of such deed, if authenticated as required by the act of Congress, will have the same effect in this State to which it is entitled by the laws of the State where the deed is re-

corded.—*Swift v. Fitzhugh*, 9 Porter, 39. The statutes of Georgia, put in evidence, provide, that the original of a registered deed shall be admissible in evidence without further proof, unless the execution is denied on oath; and if the original deed be lost, a copy from the registry, if duly recorded, shall be admissible in evidence, whenever the court is satisfied of the fact of loss or destruction. A copy is only admissible under the statutes, when the loss or destruction of the original is satisfactorily shown. There was no attempt to prove the loss or destruction of the original deed, the authenticated copy of which was offered in evidence by complainants. In the absence of such proof, the certified copy was properly rejected, and can not be considered for any purpose.

The bill was filed by appellants, who are creditors of S. M. Toliver & Co., of which firm N. L. Atkinson, Sr., was a member, and seeks to have a deed executed by him to his son for the use of the wife of the grantor declared fraudulent, and the land thereby conveyed subjected to the payment of their claims. The property conveyed by the deed was the individual property of the grantor. The bill alleges, and the proof shows, that the debts of complainants were contracted prior to the execution of the conveyance, which casts on the defendants the burden of proving a valuable and adequate consideration. The deed recites, as the consideration, the payment of an indebtedness due by the grantor to his wife on account of fifty-seven shares of stock in the Rock Mills Manufacturing Company, which constituted the *corpus* of her separate estate, and were converted to his own use by her husband. The deed was executed in substitution of a former deed made by the grantor January 26, 1885, directly to his wife, conveying the same property and on the same consideration, for the reason that the former deed did not pass the legal title.

The evidence satisactorily shows, that in 1868, when the husband was free from debt, and many years before the debts of complainants were contracted, he gave his wife sixty-seven hundred dollars, which he had placed to her credit on the books of the Rock Mills Manufacturing Company, and that afterwards, in August of the same year, fifty-seven hundred dollars of the money was used in paying for stock in the company, a certificate for which was issued to him as agent for his wife; and that several years thereafter, the stock was converted by the husband to his own use, he promising to

reimburse his wife therefor. The gift of the money was valid against all persons except existing creditors of the husband, and was the wife's separate estate. By the conversion of the stock, in which the money was invested, the husband became indebted to his wife for the value of the stock at the time of its conversion.

The well settled doctrine in this State is, that a debtor, though in failing circumstances or insolvent, may sell the whole of his property in payment of an antecedent debt, to the exclusion of his other creditors, and that such sale, if the debt be *bona fide*, and its amount not materially less than the value of the property, will be sustained, if no use or benefit is reserved to the debtor.—*Hodges & Bro. v. Coleman*, 76 Ala. 103; *Levy & Co. v. Williams*, 79 Ala. 171. It is equally well settled, that if the husband converts the *corpus* of his wife's separate estate, either by using it for his own purposes, or investing it in property in his own name, he becomes indebted to her for the amount so used or converted, and may pay her by conveyance of property for that purpose, and if there be no material disparity between the liability and the value of the property conveyed, and no use or benefit is secured to the husband, equity will uphold the conveyance and protect her rights against the other creditors of the husband.—*Northington v. Faber*, 52 Ala. 45; *Vincent v. State*, 74 Ala. 274.

We concur in the conclusion of the chancellor as to the value of the stock at the time of conversion. The complainants introduced no evidence as to the value of the property conveyed. It was estimated in the sale to the wife at thirty-five hundred dollars. The evidence on the part of the defendant shows, that this was about its value. The *bona fides* of the debt being established, and it being shown that the value of the property conveyed is not materially greater than the debt, and no secret benefit was reserved, the conveyance must be sustained as against complainants.

Affirmed.