# Dawson *et al.v.* Flash, Preston & Co.

*Claim of Funds in Hands of Garnishee.*

1. *Absolute conveyance in payment of debt not fraudulent.*—When an insolvent merchant conveyed open accounts to a number of his creditors in payment of just debts due them, not materially less than the value of such accounts, reserving to himself no interest or benefit, the conveyance will not be set aside or treated as a mortgage at the instance of other creditors, although the transferrees agreed to apply to the payment of their debts only such amounts as should be collected on such accounts.

APPEAL from Mobile City Court.

Tried before Hon. O. J. SEMMES.

The conveyance or transfer of the accounts forming the subject of contest is as follows: "Know all men by these presents that I, William B. Vail, of said State and county, for the consideration that I am indebted for borrowed money to Louise T. Dawson in the sum of five thousand dollars, besides interest; to Helen O. Austin, Mon Luis Island, thirteen hundred and fifty dollars, and interest, and to M. H. Davis in the sum of twelve hundred dollars, and to Cecil Carter, in the sum of five hundred and twenty-five dollars, accrued interest being due upon all aforesaid accounts, for the purpose of making payment of said indebtedness to the parties above named, have bargained, sold, conveyed, assigned, set over to, and transferred to, and by these presents do bargain, sell, convey, assign, set over to, and transfer to, the said Louise T. Dawson, Helen O. Austin, M. H. Davis and Cecil Carter, all my book accounts and demands of every kind whatsoever, standing upon the books of the business heretofore carried on by me as a wine, liquor, and grocery merchant, at numbers 70 and 72 Dauphin street, in the city of Mobile, Alabama.

"Witness my hand this the 12th day of February, A. D. 1890."

The substance of the several receipts given by the transferree is set forth in the opinion which states all the facts necessary to an understanding of the case.

FREDERICK G. BROMBERG, for appellants, insisted that Vail had the right to assign his book accounts in payment of his

honest debts, citing 3 Brick. Dig., p. 733, §§ 19, 20; *Ib.*, p. 734, § 49; *Borland v. Mayo,* 8 Ala. 118; *Rankin v. Vandiver,* 78 Ala. 565; *Benedict v. Renfroe,* 75 *Ib.* 123; *Levy v. Williams,* 79 *Ib.* 175; *Crawford v. Kirksey,* 55 *Ib.* 293.

GREGORY L. & H. T. SMITH, for appellees, contended that the transfer was nothing but a mortgage, citing *Thames v. Rembert,* 63 Ala. 573; *Webb v. Morrow,* 38 Ala. 128; *Tyron v. Flournoy,* 80 Ala. 328; *Sims v. Gaines,* 64 Ala. 392; *Larkins v. Ains,* 6 Wall. 78; *Eaton v. Avery,* 83 N. Y. 31, and other authorities; that the consideration was inadequate: *Baerman v. Draugn,* 3 Stew. 343; *English v. Lane,* 1 Port. 328; *Hoot v. Sorrel,* 11 Ala. 386; *Ib.* 484; that the burden of proof of adequate consideration for the transfer was upon claimants: *Moog v. Farley,* 79 Ala. 252; *Vincent v. State,* 74 Ala. 274; *Miller v. Thompson,* 3 Port. 196; that the general charge was proper: *Henderson v. Mabry,* 13 Ala. 713; *Ashurst v. Martin,* 9 Port. 571.

HARALSON, J.—The undisputed facts of this case may be briefly stated, as follows:

On the 12th February, 1890, W. B. Vail, who was a grocery and wine merchant, in Mobile, Alabama, was in failing and insolvent circumstances. Before that date he had conveyed all his property not exempt—other than his book accounts and demands standing upon his books—to some of his creditors, not including the plaintiffs and defendants, in *bona fide* payment of their real and honest and antecedent claims against him. On that date, in consideration of sums owing by him to them, in different amounts, aggregating, with interest, $8,268.76, as was evidenced by their respective obligations against him, and "for the purpose of making payment of said indebtedness" to them, said Vail, by his instrument in writing, duly executed by him, sold, conveyed, and assigned to the claimants—appellants here—all of his book accounts and demands, of every kind whatsoever, standing upon the books of the business theretofore carried on by him as a merchant.

The debts of claimants against him were admitted to be real and *bona fide.* The book accounts so sold and conveyed amounted to about $12,000, and the evidence showed they were, really, worth between six and $7,000. The claimants, each, knew nothing of Vail's insolvency, but supposed him to be a prosperous merchant. He executed this conveyance of his own accord, and, at the time he signed it, neither of claimants knew anything about it. The books were delivered

into the hands of Joseph P. Labuzan by Vail, for claimants, on the same day he executed the conveyance, and Mrs. Dawson, one of the claimants, early in the morning of the 13th of February, went to Labuzan, at the place where said books were, and directed him to proceed with the collection of the accounts on said books. The other claimants received notice of this transfer to them between the 12th and 14th of February. Mrs. Dawson executed a paper, purporting to be dated February 12, 1892, acknowledging to said Vail the receipt by her of her proportionate interest, with the other creditors, in these book accounts, *in payment on account* of his debt to her, the exact amount to be credited upon the notes she held against him, when the collection of said accounts should be made, and an endorsement to this effect was made on each of the three notes she held against him. M. H. Davis gave a similar receipt, bearing the same date, acknowledging full payment of her note, "so far as such accounts and demands may pay the same, the amount to be endorsed thereon, upon collection." Helen D. Austin gave, in substance, the same receipt that Mrs. Davis gave, and Cecil Carter gave one in full payment of Vail's debt to him, but the proof shows that his as well as the other debts was paid, so far as the amounts collected and apportioned, *pro rata* to his debt, would pay the same. The amounts remaining unpaid in this way, were to be still existing claims against Vail. Each party retained possession of his note or notes, and as Labuzan made collections, he has made applications of payments on the notes, respectively, as they were severally entitled under the sale.

Flash, Preston & Co., the appellees, on the 10th July, 1890, recovered against Vail, in the City Court of Mobile, a judgment for $572.50, on an undisputed debt, which originated before that date.

To collect that judgment, they sued out a writ of attachment against Vail, which they caused to be executed by summoning C. Burke, amongst others, to appear and answer what he was indebted to said Vail. He appeared and answered, and from the suggestion he made of a claim by these claimants, they were brought in and propounded their claim, to the amount due by garnishee to Vail. Issue was made up, the claim suit tried, on the evidence as substantially set out above. The court, at the request of the plaintiffs below, charged the jury, if they believed the evidence, to find for the plaintiff, and refused to charge, that if they believed the evidence they must find for the claimants. The claimants excepted to the charge given, and to the re-

fusal to give the one requested. On this charge the jury returned a verdict finding the issues in favor of plaintiffs, and judgment was accordingly rendered. This appeal is prosecuted to reverse that judgment, predicated on the ground that the sale by Vail to appellants was fraudulent and void against his creditors.

The subjects of conveyances by insolvent debtors to pay antecedent debts, has been so frequently considered, and is so well settled by this court, we have no disposition to discuss it further in this case.

The result of our decisions is, that "if the debt is honestly due and not materially less than the value of the property conveyed, and no interest or benefit is reserved to the debtor, the conveyance is lawful, and is not affected by the existence even of a fraudulent intent on the part of one or both of the parties thereto. In such a case, inquiry should be directed to the *bona fides* of the debt; the sufficiency of the consideration, and a reservation of benefit to the debtor." "If the transaction is not assailable on one of these grounds, fraud has no room for operation."—*Pollock v. Meyer*, 96 Ala. 172. This principle is true, if property is sold in payment *pro tanto* of such debts.—*Ullman v. Myrick*, 93 Ala. 536.

In this case, on the evidence adduced, the *bona fides* of the debts of appellants is admitted. The property sold is shown, without contradiction, to be far less in value than these debts, and it no where appears that there is the slightest benefit reserved to the seller.

The fact that Vail made the conveyance unsolicited by appellants, can make no difference, provided they accepted it, which is established beyond dispute. Nor can it operate against the validity of the conveyance, that appellants accepted it, in payment of their debts, to the extent only that the claims when collected and applied, *pro rata*, would go, and that they retained their notes as valid debts against Vail for the balance. That part of the transaction seems to be very fair, and rebuts all idea of a reservation of interest in or a bargain for an advantage in any way to Vail.

The transaction, it is contended, was a mere pledge or mortgage to secure the claims of appellants. Such an intention of the parties can not be derived from the evidence, and the witnesses themselves rebut such a conclusion. Where there is an agreed price for property in consideration of which there is an absolute transfer of title and possession to the vendee, the transaction is a sale.—18 Eng. & Amer. Encyc. of Law, 590, 593.

The general charge should have been given for the claimants, and it was error to give it for the plaintiff.

Reversed and remanded.