# Beddow v. Sheppard, Admr.

*Bill in Equity to Remove Cloud from Title.*

1. *Husband and wife; purchase of land by husband with wife's
    money; right of wife to maintain bill to remove cloud from
    title.*—Where in the purchase of land by a husband, which he
    pays for with the *corpus* of his wife's separate estate, he takes
    the title thereto in his own name, a subsequent conveyance of
    said lands by the husband to the wife invests her with the ab-
    solute fee simple title; and while in possession as such owner,
    the wife can maintain a bill to have cancelled and removed
    as a cloud on her title, a deed to said land to a third person,
    executed and delivered by the sheriff to him, as the pur-
    chaser of said lands at a sale under the levy of an execution
    issued on a judgment recovered against the husband, subse-
    quent to his conveyance to the wife.

[Beddow v. Sheppard, Admr.]

APPEAL from the Chancery Court of Hale.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by Annie E. Jones against the appellant, C. P. Beddow. Pending the suit, the complainant died, and the cause was revived in the name of F. G. Sheppard, as administrator of his estate. The purpose of the bill and the facts of the cause are sufficiently stated in the opinion.

On the final submission of the cause, on the pleadings and proof, the chancellor rendered a decree dismissing the cross bill and granting the relief prayed for in the original bill. From this decree the defendant appeals and assigns the rendition thereof as error.

H. K. WHITE, for appellant.—The onus is on appellee, the grantee in the conveyance, to prove the *bona fides* of the transaction, and the fact that the place was bought with her money.

If Jones was simply indebted to his wife, then the conveyance to her operated as a general assignment.—*Gordon v. McIlwain*, 82 Ala. 247; *Harrell v. Mitchell*, 61 Ala. 271; *Thames & Co. v. Rembert*, 63 Ala. 561; *Lipscomb v. McClellan*, 72 Ala. 151; *Pickett v. Pipkin*, 64 Ala. 520; *Hubbard v. Allen*, 59 Ala. 283; *Gordon, Rankin & Co. v. Tweedy*, 71 Ala. 202; *Early v. Owens*, 68 Ala. 171; *Newlin, Fernley & Co. v. McAfee*, 64 Ala. 357; *Pollak v. Searcy*, 84 Ala. 259; *Lehman v. Greenhut*, 88 Ala. 478; *Robinson v. Moseley*, 93 Ala. 70; *McTeers v. Perkins*, 106 Ala. 411.

ED. DEGRAFFENRIED, *contra.*—In this case the defendant Beddow can not treat the conveyance from Jones to his wife as a general assignment. Having elected to treat the conveyance as fraudulent, he will not now be permitted to attack it as a general assignment. A person can not claim both under a deed and against it. *Lehman v. Meyer*, 67 Ala. 396; *Moog v. Talcott*, 72 Ala. 210; *Heyer v. Bromberg*, 74 Ala. 524; 3 Brick. Dig. 379, §188.

HARALSON, J.—The purpose of the original bill was to cancel and remove as a cloud on complainant's title to the land described in the bill,—of which she was

in possession,—the deed of the defendant to the same lands executed and delivered to him by the sheriff on a sale of the same under execution against complainant's husband, R. E. Jones. The equity of the bill was not questioned in any manner in the court below.

The husband of complainant, when the lands were purchased, took the title in his own name; and afterwards, before the judgment was recovered against him, to satisfy which said lands were sold by the sheriff and purchased by the defendant, conveyed the same to his wife, the complainant.

The cross-bill filed by defendant was for the sole purpose of having this deed from complainant's husband to her. set aside, cancelled and annulled, on the ground that the same was fraudulent and void, having been made to hinder, delay and defraud his creditors, including the defendant.

1. There is no room for the suggestion raised by appellant's counsel in argument, that if complainant's said deed is not declared fraudulent and void, it should be declared to be a general assignment for the benefit of the creditors of said R. E. Jones. The cross-bill was not, nor could it have been filed for any such purpose, for it is well settled, that a creditor's bill averring in one aspect that a conveyance is fraudulent, and in another that it is a general assignment, cannot be entertained.—3 Brick. Dig. §188.

2. The conveyance to complainant in the original bill was, therefore, either valid or void.

If R. E. Jones honestly owed his wife the sum for which he conveyed to her the land in question, and it was not less than the value of the property conveyed to her, and no interest or benefit was reserved to him, the conveyance must be held to be lawful, and is not affected by the existence, even, of a fraudulent intent on his part or that of his wife, if such intent existed, though such conveyance left the debtor unable to pay his other creditors.—*Pollock v. Meyer,* 96 Ala. 172; *Dawson v. Flash,* 97 Ala. 539, 542; 3 Brick. Dig. 517, §137.

3. Again, if the husband purchased and paid for this land with the *corpus* of his wife's separate estate, and took the title in his own name instead of hers, she was

[Louisville & Nashville Railroad Co. v. Nash.]

the owner of the equitable title, and he held the legal title in trust for her, which in a proper proceeding in equity he might have been compelled to convey to her. *Warren v. Jones*, 68 Ala. 449; *Vincent v. The State*, 74 Ala. 274; *Walton v. Atkinson*, 84 Ala. 592, 594; 3 Brick. Dig. 543, §19.

4. We will not take the unnecessary trouble to review the evidence in this case. It is sufficient to say, that it fully and satisfactorily establishes the averments of the original bill, and the answer of complainant to the cross-bill, and that the averments of the latter are not sustained. There can remain no doubt about the fact, that the money of complainant, Annie E. Jones, was used by her said husband in the purchase of said lands from A. A. Coleman, and that no part of his money was used in said purchase. The wife was, therefore, in equity the owner of the lands, entitled to a conveyance of the legal title from her husband to her; and whether regarded as a trustee holding the legal title for the benefit of his wife, or as a debtor to her for the amount of her money which he invested in said lands, the conveyance from the husband to her was rightly made, and must be upheld. The chancellor so ruled, dismissing the cross-bill and granting relief in the original bill, and in this there was no error.

Affirmed.