# Lowndes County *v.* Hunter.

*Action by Circuit Clerk against County, for Services rendered in Completing Imperfect Records.*

1. *Statute partly unconstitutional.* — Where a statute contains several distinct provisions, some of which are unconstitutional, these will be considered as stricken out, and the other provisions will be maintained, if they can be separated from the former ; and if matter is introduced in a statute which is foreign to the subject stated in the title, such extraneous matter will be stricken out, and the residue of the statute will be upheld.

2. *Constitutionality of " act to secure complete records in the courts of this State," as to title and subject matter.* — The act approved December 10, 1868, entitled " An act to secure complete records in the courts of this State " (Sess. Acts 1868, p. 404), which make it the duty of probate judges and circuit clerks to complete the final records of cases left incomplete by their predecessors in office, provides that compensation for their services shall be paid by the commissioners' court out of the county treasury, and that the commissioners may recover the amount so paid by suit on the bond of the delinquent officer, — relates to but one subject, and that is expressed with sufficient clearness in the title.

3. *When action lies against county.* — Since counties have been made corporations (Rev. Code, § 897), if a statute creates a claim or liability against a county, and provides no remedy for its enforcement, an action at law, by ordinary summons and complaint, will lie.

FROM the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by the appellee, who was the clerk of the Circuit Court of said county, to recover compensation

[Lowndes County *v.* Hunter.]

for his services in completing the final records of cases in said court which had been left incomplete by John J. McCaw and John A. Robertson, former incumbents of said office ; and was founded on the act approved December 10, 1868, entitled " An act to secure complete records in the courts of this State," which is in these words : " *Be it enacted,*" &c., " That in all cases where a clerk of a circuit or other court, or a judge of probate in this State, has hitherto vacated, or may vacate his office, not having complied with paragraph 9, section 767, or section 792 of the Code of Alabama, it shall be the duty of the present incumbent, or of his successors in such office of clerk or judge, to write up and complete all wanting and imperfect records, from the papers on file ; the legal fees therefor to be allowed such clerk or judge by the Court of County Commissioners, to be paid from the county treasury ; and said commissioners may recover the same, on the bond of any delinquent officer, as prescribed in section 169 of the Revised Code of Alabama." Session Acts 1868, p. 404.

The complaint contained two counts, one for the cases left incomplete by each of the preceding clerks ; and each count averred that the claim had been duly presented to the Commissioners' Court of the county, and had been rejected by that court. The defendant demurred to each count of the complaint, and specified several grounds of demurrer, all of which averred, in substance, that the plaintiff's claim was not a legal charge against the county, because the statute under which the services were rendered was unconstitutional and void. The court overruled the demurrer, and its judgment thereon, to which the defendant excepted, is now assigned as error.

WATTS & TROY, for appellant.

STONE & CLOPTON, *contra.*

BRICKELL, J. — There are but two questions presented by the argument of the counsel for the appellant. The first involves the constitutionality of the act entitled " An act to secure complete records in the courts of this State," approved December 10, 1868. Pamph. Acts 1868, p. 404. The second is, that the remedy of the appellee to enforce the liability of the county, if the act is not unconstitutional, is by *mandamus* to the Commissioners' Court, and not by a suit prosecuted in the ordinary mode against the county.

The constitutionality of the statute is assailed on two distinct grounds. It is said the last clause, in declaring that the commissioners may recover on the bond of any delinquent officer, as prescribed in section 169 of the Revised Code, the

sum paid for the completion of the records, creates a cause of action out of a past transaction, and seeks to revive causes of action barred by the lapse of time, and by the Statute of Limitations. It is also urged, that the statute is offensive to the clause of the Constitution declaring that "Each law shall contain but one subject, which shall be clearly expressed in its title."

In the view we take of the case, it is not necessary for us to express an opinion on the validity of the clause of the statute authorizing suit on the bond of the officer, whose delinquency resulted in subjecting the county to liability for the completion of records which he ought to have completed. Neither the right and duty of the appellee, nor the liability of the appellant, is deduced from that clause. The concession of its unconstitutionality would not vitiate the preceding part of the statute, rendering it the duty of the clerk to complete the records, and making his compensation a county charge. The rule is, that if some of the provisions of a statute are violative of the Constitution, while others are consistent with it, the latter will be maintained, if they can be separated from, and stand without the unconstitutional parts of the law. The courts will treat the unconstitutional parts as if they were stricken out of the statute. *Mobile & Ohio R. R. Co.* v. *State*, 29 Ala. 573 ; *Ex parte Pollard*, 40 Ala. 77. In the application of this rule, it is not material that the constitutional and unconstitutional provisions are mingled in the same section, as they are said to be in this statute. The division of statutes into sections is purely artificial ; and one section may, and often does, contain provisions distinct and separable. The inquiry is, not as to the location of the several provisions, but whether they are so essentially and inseparably connected, that if the unconstitutional provision is stricken out, that which remains is not complete in itself, and capable of operation according to the legislative intent. Cooley's Con. Lim. 177–78 ; *Mayor, &c.* v. *Dechert*, 39 Md. 369.

It will not be denied that public convenience, and private right and interest, depend on the completion and preservation of the records of the proceedings of the courts of record of the State. Throughout the State they import absolute verity ; and in all other states of the Union the Constitution accords them " full faith and credit." They are elements of the title to a large part of the property of the State. They are the conclusive evidence of the termination of controversies, precluding future litigation. The legislature, impressed with a sense of the necessity of securing these records from the dangers of loss and mutilation, to which they are subject while dependent on the original files only ; and of reducing them to an orderly,

convenient form for examination, passed the statute in question. Though official delinquency had produced the necessity for the statute, the consequences which might ensue from this delinquency ought not to be visited on the public, or on individuals. The statute declares it the duty of the present incumbent of the office of judge of probate, or of clerk of the Circuit Court, to complete the records of his court, left incomplete by his predecessors in office. His legal fees therefor are to be paid by the Court of County Commissioners, from the county treasury. Thus far, the statute is complete in itself, and capable of execution. It accomplishes, and accomplishes fully, the intent of the legislature in its enactment, — the completion of the incomplete records of the courts of the State. The succeeding clause of the statute is designed to reimburse the county treasury the sum expended under the preceding clause. If we were compelled to declare this clause an infraction of the Constitution, we do not think it has that connection with the preceding clause, which is clearly constitutional, that would justify us in declaring the whole statute vitiated. We cannot say, that without this clause the legislature would not have passed the statute, demanded as it was by public necessity, and private right and interest. We believe the primary controlling purpose of the legislature, in the enactment of the statute, was that expressed in the title — the securing of complete records in the courts of the State. A secondary and subordinate purpose was subjecting to liability, to reimburse the county, the delinquent officer whose omission of official duty had produced the charge against the county. The statute may not accomplish this subordinate, secondary purpose ; but that is not a reason for permitting the primary intent to fail. It is not reasonable to suppose the legislature intended to make the primary, controlling intent, in its very nature independent of, and distinct from the secondary, subordinate intent, dependent on the consummation of the latter intent. The legislature must have known that, in many cases, from the death and insolvency of officers and their sureties, the county could never be reimbursed. This did not diminish the necessity for the completion of the records, and could not possibly be an excuse for a failure to perform the duty declared in the preceding clause.

The objection, that the statute refers to more than one subject, and that the subject is not clearly expressed in the title, cannot be sustained. It is said there is nothing in the title indicating that the statute intended to authorize the county to recover of the delinquent officer the sum paid for the completion of the records. We have proceeded on the concession that the constitutionality of this clause could not be vindicated, and

have endeavored to show that only this clause, not the whole statute, is thereby vitiated. Since it has become usual to incorporate in state constitutions the requisitions that statutes shall be confined to one subject, and that shall be expressed in the title, a rule kindred to that which preserves the constitutional provision in a statute embodying constitutional and unconstitutional provisions, has been adopted. That rule is, that if matter foreign to the subject is divisible from that which falls within the title, and the latter can stand and have effect without the former, then only so much of the act as is not embraced in the title is void. *Ex parte Pollard*, 40 Ala. 100; *Commonwealth* v. *Green*, 58 Penn. 226. The divisibility of the clauses of this statute we have endeavored to maintain. If the clause supposed to be introductive of matter not expressed in the title is separable from the clauses containing matter expressed in the title, that clause only falls, leaving in full force the clauses on which the appellee's right of recovery is based.

It is also argued that the title of the statute does not express any purpose to create a charge upon the county for the completion of the records, and that, therefore, the subject of the statute is not clearly expressed in the title. It was said by the late Chief Justice WALKER, in discussing this question: "It is impossible to prescribe any standard of particularity for the legislature. The Constitution has not attempted to do so. It exacts from the legislature an announcement in the title of the subject, but does not dictate any degree of particularity. This is a matter left to legislative discretion. The object of the constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title. The evil contemplated was not the generality and comprehensiveness of titles. Those faults do not tend to mislead or deceive." *Ex parte Pollard*, 40 Ala. 98. In accordance with this exposition of the constitutional restriction are the subsequent decisions of this court. *Gunter* v. *Dale County*, 44 Ala. 639; *Ex parte Upshaw*, 45 Ala. 234. In the latter case, it is said the constitutional limitation must not be construed to forbid the incorporation into a law of everything needful to the proper operation of the subject to which it is limited. The mode of completing the records must be prescribed; if their completion is secured, compensation to him who is charged with the duty of completing them, and the mode of obtaining it, are all congruous, and all essential to the consummation of the purpose expressed in the title of the statute.

3. Prior to the Code there was no statute subjecting counties to suit. The only remedy to enforce a liability against them was by *mandamus* to the Commissioners' Court. *Tarver* v. *Commissioners' Court*, 17 Ala. 527. The Code corrects

this deficiency in the law. It declares every county a body corporate, with power to sue and be sued. R. C. § 897. It prohibits suit against the county until the claim has been presented to the Commissioners' Court, and disallowed in whole or in part. R. C. § 2537. Since the Code, if a statute creates a claim against the county, and provides no remedy for its enforcement, a suit against the county, by summons and complaint, is the proper remedy. *Autauga County* v. *Davis*, 32 Ala. 703 ; *Montgomery County* v. *Barber*, 45 Ala. 237. Here the statute creates the claim, and prescribes no remedy for its enforcement, if the Commissioners' Court shall not order it paid out of the county treasury. The remedy adopted for its recovery is the only remedy the appellee could have successfully pursued. The allegations of the complaint contain every fact necessary to show the liability of the county, and the demurrer to it was properly overruled.

The judgment of the Circuit Court is affirmed.