# Powell *v.* The State.

*Indictment for Sale of Spirituous, Vinous or Malt Liquors contrary to Local Statute.*

1. *Indictment under § 4806 of the Code; its sufficiency.*—Under section 4806 of the Code, an indictment for a violation of a local statute prohibiting the sale of vinous or spirituous liquors within a specified territory, charging that the defendant "did sell vinous or spirituous liquors without a license and contrary to law," is sufficient.

2. *When part of statute violative of constitution may be expunged with-*

[Powell v. The State.]

*out affecting other parts.*—If the provisions of an act of the legislature are all connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected in meaning, that it can not be presumed that the legislature would have passed the one without the other, the constitutional invalidity of one part of the act will vitiate the other, and both must fall together. But if the parts of an act are perfectly distinct and separable, and are not dependent the one on the other, and effect can thereby be given to the act, the unconstitutional part of the act may be expunged, and the other parts be permitted to stand; and this too, even if the valid and invalid parts are in the same section.

3. *Same; local statute prohibiting sale of liquors construed.*—Where an act of the legislature, prohibiting the sale or other disposition of any vinous, spirituous or malt liquors, under a penalty, contains a proviso exempting from the prohibition of the act the sale of domestic wines manufactured from grapes grown in this State, a discrimination is thereby made against wines made from grapes grown in other States, but not against foreign spirituous or malt liquors. And while *it may be*, that this legislative discrimination is invalid so far as concerns wines imported from other States, under the principle decided in *Welton v. Missouri*, 91 U. S. 275, and followed by this court in *Vines v. The State*, 67 Ala. 73—a point not decided—the rest of the law would be unaffected thereby, and would stand.

4. *License to sell liquors not a contract.*—A license issued under the general statute, to a dealer in liquors, is, in no sense, a contract between the State and the licensee, and it is not protected by the contract clauses of the Federal constitution and of the constitution of this State. It is a mere *permit* and can be revoked by the legislature at pleasure.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

At the Spring Term, 1881, of said court, the grand jury returned an indictment against the appellant, containing two counts, charging in the one, that he " did sell vinous or spirituous liquors without a license and contrary to law," and in the other, that he " did sell, give away or otherwise dispose of vinous, spirituous or malt liquors or intoxicating bitters or beverages within five miles of Rehoboth church, in Crenshaw county." The defendant demurred to the indictment, as appears from the judgment entry, but the grounds of demurrer are not stated in the record. The court overruled the demurrer, and the case was then tried on the plea of not guilty. The evidence introduced on the trial showed that the defendant, on 15th April, 1881, and before indictment found, sold to one of the witnesses, one pint of whiskey at defendant's store, which was within three miles of Rehoboth church, in Crenshaw county; that the defendant had duly applied for and obtained a license as a retailer under the general law, which had not expired but was still of force; that the amount he had paid therefor had never been refunded·to him, and that he had never applied for the refunding thereof. This being all the evidence the court refused, at the request of the appellant, to charge the jury, that if they believed the evidence they must

find him not guilty; and on the written request of the solicitor, charged the jury that if they believed the evidence, they must find the appellant guilty as charged in the indictment.    To these rulings of the court the appellant separately excepted. The jury returned a verdict of guilty, on which judgment was rendered; and from this judgment this appeal was taken.

R. M. WILLIAMSON, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The indictment, in this case, is framed in full accordance with the requirements of section 4806 of the present Code, relating to the retailing of spirituous liquors. The only averment requisite is, that "the defendant sold vinous or spirituous liquors without a license, and contrary to law;" and the statute expressly provides that this is sufficient to cover "all violations of special and local laws, regulating the sale of spirituous liquors within the place specified."—Code 1876, § 4806; *Block v. The State*, 66 Ala. 493; *Ulmer v. The State*, 61 Ala. 208; Acts of 1880–81, pp. 154–156.

The indictment charges the defendant with the violation of a local law, by selling spirituous liquors within five miles of Rehoboth church, in Crenshaw county, contrary to the provisions of an act of the General Assembly, approved March 1, 1881.—Acts 18~0–81, pp. 154–6.

The constitutionality of this act is assailed chiefly on the ground that it is violative of the commercial clause of the Federal constitution, which confers on Congress the power to regulate commerce among the several States.—Const. U. S., Art. 1, sec. 8, sub-div. 3.

The first section of the act in question provides that "it shall be unlawful for any person to sell, give away, or otherwise dispose of any *vinous, spirituous* or *malt* liquors, or *intoxicating bitters* or *beverages*" within certain prohibited limits, which are specially described, including among others the area within "five miles of Rehoboth church, in Crenshaw county." Then follows a *proviso* in these words:

"*Provided*, that this act shall not be so construed as to prevent the use of wines for sacramental purposes, or to abridge the right of any person from giving one or more drinks to any person at his or her private residence, and that it *shall not prevent the sale of domestic wines* in quantities less than one quart, *manufactured from grapes grown in this State*, in which no alcoholic or spirituous liquors were used in the manufacture

[Powell v. The State.]

thereof; *provided further*, that if any person or persons have taken out license for the year 1881, the license money shall be refunded for the unexpired term of such license by the proper authorities."—Acts 1880–81, pp. 155, 156.

It is plain that the only discrimination in the operation of this act is against *wines*, or *vinous* liquors, manufactured from grapes grown in other States than Alabama. There is no discrimination, or hostile legislation, against other foreign liquors, spirituous, malt or alcoholic. These, whether foreign or domestic, are placed upon the same exact terms of commercial equality, and are accorded equal facilities in traffic. It may be that this legislative discrimination is invalid so far as concerns *wines* imported from other States, under the principle decided in *Welton v. State of Missouri*, 91 U. S. 275, which was followed by this court in *Vines v. The State*, 67 Ala. 73. This point, however, we do not now decide.

It is sufficient for us to say, that, conceding the act in question is unconstitutional so far as concerns this particular feature of the *proviso*, the rest of the law is unaffected by it, and must be permitted to stand on the clearest principles of construction. It does not matter that the objectionable and valid parts of the statute are in the same section of the act. If they are perfectly distinct and separable, and are not dependent the one on the other, the courts will permit the one part to stand, though the other may be expunged as unconstitutional, provided effect can thus be given to the legislative intent. But where the provisions are all connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning, that it cannot be presumed the legislature would have passed the one without the other, the constitutional invalidity of the one part will vitiate the other, and both must then fall together.—Cooley's Const. Lim. 177–178; *Allen v. Louisiana*, 103 U. S. 80; *Lowndes County v. Hunter*, 49 Ala. 507.

We think, under these principles, that, although the act be inoperative so far as it discriminates *against* imported wines, or *in favor* of domestic wines, as the case may be, the remainder of the act is not necessarily unconstitutional, but may be permitted to stand. The authority of *Tiernan v. Rinker*, 102 U. S. 123, we think, fully sustains this construction.

The defendant is charged specifically, under the proof made, with selling one pint of *whiskey*. The evidence introduced by the State had no reference to the sale of wines of any character by him, domestic or imported. The act proved comes within the influence of that portion of the law which prohibits the sale of spirituous or alcoholic liquors, and the validity of which remains unimpaired.

It is immaterial that the defendant had obtained a license to engage in the liquor traffic, and was doing business under it at the time of the passage of the act under consideration. Such a license was a mere *permit*, revocable at the option of the State. It was, in no sense, a *contract* between the licensee and the State within the meaning of the Federal constitution which prohibits the States from passing any law impairing the obligations of contracts; or within the meaning of a similar clause in our own State constitution. It is settled by the vast weight of authority that such licenses can be revoked by the legislative department at pleasure.—Cooley's Const. Lim. 282–283; note 2, and cases cited; *Fell v. The State*, 20 Amer. Rep. 83; *Boyd v. Alabama*, 94 U. S. 645, and authorities there cited.

The judgment of the Circuit Court is affirmed.