# Bradley v. The State.

*Indictment for Selling Liquor Unlawfully.*

1. *Local prohibitory law; constitutional provisions affecting title and subject-matter.*—A local prohibitory law being entitled "An act to prohibit the sale, giving away or disposing of any spirituous, vinous or malt liquors, or intoxicating bitters, beverages or drinks, or fruits preserved in alcohol or alcoholic liquors," within the specified territory; a provision for refunding the amount paid on licenses for the current year, and appropriating money out of the public treasury for that purpose, is outside of the subject-matter expressed in the title, and is, therefore, unconstitutional and void; but a conviction may, nevertheless, be had under the punitive provisions of the statute, which are separate and distinct from the unconstitutional provision.

FROM the Circuit Court of Crenshaw.

Tried before the Hon. JOHN P. HUBBARD.

The statute under which the defendant in this case was indicted and convicted was the act approved February 28th, 1887, entitled "An act to prohibit the sale, giving away or disposing of any spirituous, vinous or malt liquors, or intoxicating bitters, beverages or drinks, or fruits preserved in alcohol or alcoholic liquors," within certain prescribed limits.—Sess. Acts 1886–7, p. 665. The opinion states the material facts.

GAMBLE & BRICKEN, and A. A. WILEY, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Defendant was indicted under the act approved February 28, 1887—Sess. Acts, 665—an omnibus, local prohibition law. Its provisions, as applicable to this case, are, that "Any person who sells, gives away, or otherwise disposes of any spirituous, vinous or malt liquors," &c. · · "within townships 11 and 12 of beats 1 and 2, Crenshaw county, · · must, on conviction, be fined not less than fifty dollars, and may also be sentenced to hard labor for the county, for not less than thirty days, nor more than three months." The second count of the indictment in this case strictly conforms to the statute.

All the provisions of section 1 of said statute are embraced within the title to the enactment. Section 3 has pro-

12

visions that are not covered by the title, viz., it provides for refunding to persons who have theretofore obtained licenses to retail liquors within the prohibition areas three-fourths of the several amounts paid by them in procuring their licenses. It also contained an appropriation clause of moneys to meet such payments.

The defendant was tried and convicted under the second count of the indictment. There was a demurrer to this count, alleging that the third section of the act, under which the trial was being had, made the act unconstitutional, in this, that it introduced a subject which was not expressed in the title, nor included within the purview of its terms. Const. Art. IV, § 2. We think that section does bring into the enactment a subject that can not be held to be embraced within the title. The question then arises, does this vitiate the whole statute?

We have frequently considered this provision of the Constitution. In *Ballentyne v. Wickersham*, 75 Ala. 533, we summarized most of the principles decided by this court. Those provisions are, that this provision of the Constitution is mandatory; that the title of a bill may be very general, and need not specify every clause of a statute, it being sufficient if they are all referable and cognate to the subject expressed; but, if clauses are contained in the act, which are not so correlated to the subject expressed in the title, as to appear to follow as a natural and legitimate complement, they can not stand. A statute embracing two subjects, both of which are expressed in the title, falls within the inhibition, and the whole statute is unconstitutional and void.

In *Powell v. State*, 69 Ala. 10, a case presenting the question we now have in hand, we said: "If they [the two clauses] are perfectly distinct and separable, and are not dependent, the one on the other, the courts will permit the one part to stand, though the other may be expunged as unconstitutional, provided effect can thus be given to the legislative intent."

*Lowndes Co. v. Hunter*, 49 Ala. 507, presented the constitutional question we are considering, on an issue not distinguishable in principle from the one now under consideration. In that case we gave effect to the clause that was expressed in the title, notwithstanding the other clause was without the purview of the title to the act. See, also, *Rogers v. Torbut*, 58 Ala. 523; *Ex parte Cowert*, 92 Ala. 94.

We hold that the punitive clause of this statute can be upheld without a reference to the other clause, and hence

[Heath v. The State.]

affirm the judgment of the Circuit Court in overruling the demurrer to the indictment.

There is nothing in any of the other questions raised. The proof fully justified a conviction of the defendant. *Segars v. State*, 88 Ala. 144; *Mays v. State*, 89 Ala. 37.

The judgment of the Circuit Court is affirmed.