# Bell v. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Constitutional law; when subject of act not shown by the title.*—The provisions of the act "To establish a new charter for the city of Huntsville," approved December 12, 1888, (Acts, 1888-89, p. 225), forbidding the prosecution on affidavit before a justice of the peace of a person who has already been arraigned before the mayor for the same act under the city ordinance, is violative of Article IV, § 2 of the Constitution, requiring that each law shall contain but one subject, which shall be clearly expressed in its title; and such provisions of the charter of the said city of Huntsville are unconstitutional and void.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. J. H. SHEFFEY, Special Judge.

The indictment in this case, under which the appellant, Tom Bell, was tried and convicted, charged that defendant carried a pistol concealed about his person. When the case was called for trial, a plea of former conviction was interposed. The plea showed that the defendant had "already been twice arraigned, and twice fined for the very same and identical offense, with which he now stands indicted before this court." It alleged that the offense with which defendant was charged was a misdemeanor of which the several justices of the peace of the Huntsville precinct, and "of which the Mayor of the city of Huntsville," had original, concurrent, and final jurisdiction with the circuit court. In addition to these allegations, as originally filed, it alleged that defendant "was arrested on the 23d day of November, 1896, and thereafter on the 25th day of November, 1896, was tried before said Mayor, was fined, both fine and costs having been paid, was thereupon discharged." It then alleged that defendant was afterwards arrested by the sheriff of Madison county and carried before one R. P. Whitman, justice of the peace, and by him fined the sum of $100, and sentenced to sixty day's imprisonment in the county jail. A copy of the commitment of said justice of the peace was

[Bell v. The State.]

set out in the plea. It was directed to the jailer of Madison county, and directed him to hold the body of Thomas Bell, until discharged by expiration of sentence. To the plea as originally filed, the State filed a demurrer, the first ground of which was sustained by the court. It was in these words: "The counsel for the State demurs to the defendant's plea filed in the cause, and for cause of demurrer says, that defendant does not allege that he was tried before the Mayor of the city of Huntsville, Alabama, as *ex-officio* justice of the peace. The defendant then amended his plea, so as to make it show that he was tried before the Mayor, as Mayor of the city of Huntsville.

Thereupon the State demurred to the plea as amended, assigning only one ground, which was: "The State by its attorney, demurs to the plea of defendant, as amended, filed in the case, and for reason of demurrer says: said plea shows on its face, that the justice of the peace who is alleged to have tried this particular case, had no jurisdiction, because the case had been tried by the Mayor of Huntsville, and therefore could not be tried afterwards by a justice of the peace, other than the Mayor, acting *ex-officio* in that capacity." This demurrer was sustained by the court.

The defendant then pleaded not guilty, and being found guilty by the jury, made a motion in arrest of judgment on the ground of the action of the court in sustaining the demurrers above set forth. The court overruled the motion, and defendant duly excepted.

SHELBY & PLEASANTS, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The court is of opinion that the provision in the act of December 12, 1888, entitled "An act to establish a new charter for the city of Huntsville," to the effect that a person who has been arraigned before the mayor for a violation of a municipal ordinance cannot for the same act be prosecuted upon affidavit by the State before any other court or judicial officer, but must be proceeded against, if at all, before said mayor as *ex officio* justice of the peace, is not a subject expressed in, covered or suggested by said title, nor

[Bell v. The State.]

necessary or proper to the full rounding of an enact-
ment upon the subject which is expressed in the title,
and is, therefore, obnoxious to the requirement of sec-
tion 2, Art. IV of the constitution, that "each law shall
contain but one subject, which shall be clearly expressed
in its title." "The 'subject' to be contained in a bill
may be as broad and comprehensive as the legislature
may choose to make it. It may include innumerable
minor subjects, provided all these minor subjects are
capable of being so combined as to form only one grand
and comprehensive subject; and if the title of the bill,
containing this grand and comprehensive subject, is also
comprehensive enough to include all these minor sub-
jects as one subject, the bill and all parts thereof will be
valid."—*Division of Howard County*, 15 Kan. 194; *Bal-
lentyne v. Wickersham*, 75 Ala. 533, 536-7. The "grand
and comprehensive subject" expressed in the title to this
act is the charter of the city, the creation of corporate
existence and the conferring of corporate powers. Such
subject embraces all the minor subjects incident to such
corporate existence and powers; and whatever is neces-
sary to a complete municipal charter, or is embraced in
the thought contained in the general expression, is a
part of the subject expressed, and authorized by the
general expression.—*Lockhart v. City of Troy*, 48 Ala.
579. But, to take away from any tribunal, even of the
most inferior character, established by general laws and
charged with their administration, jurisdiction thereto-
fore conferred to try offenses against the criminal laws
of the State, and to confer it exclusively upon an officer
of a municipal corporation, is not to provide for the ex-
ercise of any function of municipal life nor to confer
any power incident to municipal government nor to fol-
low any suggestion which can be referred to the ex-
pressed purpose of establishing a municipal charter.

We are, therefore, of the opinion that the provision of
the charter of the city of Huntsville, forbidding the
prosecution on affidavit before a justice of the peace of
a person who has already been arraigned before the
mayor for the same act under a city ordinance, is un-
constitutional and void. It follows that the conviction
of the defendant before the justice of the peace, Whit-
man, was had in the exercise of competent jurisdiction
by the justice under the State law giving justices of the

[Adams v. The State.]

peace in Madison county jurisdiction of all misdemeanors, and was valid. The court erred in holding to the contrary on the demurrer to his plea of former conviction, and for this the judgment must be reversed. The cause is remanded.

Reversed and remanded.

BRICKELL, C. J., dissenting.