# The State v. Davis.

*Indictment for Selling Spirituous, Vinous or Malt Liquors contrary to Law.*

1. *Constitutional law; construction of statute prohibiting sale of vinous, spirituous or malt liquors.*—Under the act entitled "An act to prohibit the sale of spirituous, vinous or malt liquors in Dallas county, outside the corporate limits and police jurisdiction of the city of Selma," the prohibition embodied in the act that "any person who sells, *gives away or otherwise disposes* of vinous, spirituous or malt liquors,

[The State v. Davis.]

*or intoxicating bitters, beverages or drinks, or fruit pre-*
*served in alcohol,* or alcoholic liquors in Dallas county, out-
side the corporate limits and police jurisdiction of the city
of Selma shall be guilty of a misdemeanor," in so far as it
undertakes to prohibit the giving away or other disposition
than by sale of any liquors mentioned, or so far as it under-
takes to prohibit the sale of those commodities which are
neither vinous, spirituous nor malt liquors, is violative of
Section 2, Article IV of the Constitution, in that such sub-
jects are not expressed in the title of the act.

2. *Same; same.*—The elimination from such act of the provisions
which seek to prohibit the giving away or other disposition
than by sale of any of the liquors mentioned, and to pro-
hibit any sale of those commodities which are neither
spirituous, vinous nor malt liquors, leaves a complete stat-
ute of itself, "sensible, capable of being executed and wholly
independent of that which is rejected," for the prohibition of
the sale of vinous, spirituous and malt liquors in the desig-
nated portion of Dallas county; and, therefore, the whole
statute is not unconstitutional, but is a constitutional and
valid enactment, in so far as it proposed to prohibit the
*sale* of vinous, spirituous and malt liquors.

3. *Same; same.*—In a local prohibition law entitled an act "to
prohibit the sale of spirituous, vinous or malt liquors"
within a specified territory, a provision for refunding the
amount paid on licenses for the current year and appropriat-
ing money out of the treasury for that purpose, is outside
of the subject matter expressed in the title, and is, there-
fore, unconstitutional and void; but a conviction may, never-
theless, be had under punitive provisions of the statute which
are separate and distinct from the unconstitutional provi-
sions.

4. *Same; same; statutory amendments.*—An act of the general
assembly which seeks to amend a local prohibition law, by
seeking to extend the territorial prohibition, and in addition
thereto contains a provision for refunding a portion of the
amount paid on licenses within the part of the territory
included in the original act, is violative of the constitution,
in so far as it seeks to refund the licenses; but such portion
of the amended act which provides for refunding the licenses
may be stricken therefrom without affecting the validity of
the amendatory and original act.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. JOHN MOORE.

[The State v. Davis.]

The appellee, Jim Davis, was indicted for selling vinous, spirituous or malt liquors "in Dallas county, Alabama, and outside of the corporate limits of the city of Selma," without a license and contrary to law.

To the indictment the defendant demurred upon several grounds, which may be summarized as follows: 1. That it is not contrary to law to sell spirituous, vinous or malt liquors in Dallas county outside of the corporate limits of Selma. 2. That the act of the General Assembly, approved December 12, 1884, which seeks to prohibit the selling, giving away or otherwise disposing of spirituous, vinous or malt liquors in Dallas county, Alabama, outside of the corporate limits and police jurisdiction of the city of Selma, is unconstitutional and void as violative of section 2, article IV of the Constitution. 3. That the act approved February 5, 1885, amending the act of December 12, 1884, is unconstitutional and void as violative of section 2, article IV of the Constitution.

Upon the hearing of this demurrer the court sustained the demurrer and ordered the indictment quashed. To this ruling the State duly excepted, and appeals from the said judgment sustaining the demurrer.

CHAS. G. BROWN, Attorney-General, for the State.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The title of an act being "To prohibit the sale of spirituous, vinous or malt liquors in Dallas county outside the corporate limits and police jurisdiction of the city of Selma," the prohibition embodied in the act is this: "Any person who sells, *gives away or otherwise disposes of* vinous, spirituous or malt liquors, or *intoxicating bitters, beverages or drinks, or fruit preserved in alcohol,* or alcoholic liquors in Dallas county outside the corporate limits and police jurisdiction of the city of Selma shall be guilty of a misdemeanor," etc., etc. It is plain that the subject of *giving away* and of *disposing of* such liquors otherwise than by sale or gift are treated of in the body of the act, but are not expressed in its title. The act also

deals with the subject of intoxicating bitters, beverages and drinks which are not necessarily either vinous, spirituous or malt liquor, and with *fruits* preserved in alcohol, which is clearly not a liquor at all; and these subjects are not expressed in the title. So that it is obvious that the act so far as it undertakes to prohibit the giving away, or other disposition than by sale of any of the liquors mentioned, and so far as it undertakes to prohibit even the sale of those commodities which are neither vinous, spirituous nor malt liquors, comes under the ban of section 2, Art. IV of the constitution requiring that: "Each law shall contain but one subject, which shall be clearly expressed in its title." But it does not follow that the whole statute is unconstitutional. To the contrary if the elimination of the subjects treated of in the body of the enactment and which are not expressed in its title, would leave a law "complete within itself, sensible, capable of being executed and wholly independent of that which is rejected" the statute will stand and be enforced as to the subject which is both expressed in the title and dealt with in the body of the act. That such elimination would leave such an act is, we think, clear. The act without those provisions in its text which are not expressed in its title would be a complete statute, "sensible, capable of being executed and wholly independent of the" rejected provision, for the prohibition of the *sale* of *vinous, spirituous* and *malt* liquors in Dallas county outside of Selma and its police jurisdiction. Not only can all the matters not embraced in the title be struck down leaving a complete and independent statute which can be executed in respect of the subject expressed in the title as fully, in the same way and to the same effect as if these subjects which are alien to the title had been therein expressed, but there is no ground for saying that the legislature should not have undertaken to prohibit the sale of vinous, spirituous and malt liquors had they been aware that the provisions as to gifts and other dispositions and as to commodities not embraced in those terms would be abortive, for the interdiction of the *sale* of the liquors specified in the title is, of course, the primary, main and leading

object of all laws of this sort, and really the other provisions we have here in the text are thrown in more to prevent evasions of the main provision than upon any notion that anybody is going to give away, or dispose of otherwise than by sale, of enough of such liquors to foster the evil intended to be remedied, or that the policy and purpose of the law will be thwarted by sales, gifts or other dispositions of such beverages or bitters or drinks as do not contain vinous, spirituous or malt liquors, or of fruit preserved in alcohol.        And so our conclusion is, upon every consideration pertinent to the inquiry, that the statute under consideration is a constitutional and valid enactment in so far as it proposed to prohibit the *sale* of vinous, spirituous and malt liquors. *Yerby v. Cochrane,* 101 Ala. 541, and cases there cited; *Harper v. State,* 109 Ala. 28; *Shehane v. Bailey,* 110 Ala. 388; *Bell v. State,* 115 Ala. 87; *State v. Street,* 117 Ala. 203; *Ex parte Moore,* 62 Ala. 471, 476; *Ex parte Cowert,* 92 Ala. 94; *Lowndes County v. Hunter,* 49 Ala. 507; *Rogers v. Torbert,* 58 Ala. 523; *Powell v. State,* 69 Ala. 10.

What we have said has reference to the act of December 12, 1884. That act was amended on February 5, 1885. This is the title to the amendatory act: "To amend section 1 of an act entitled an act to prohibit the sale of spirituous, vinous and malt liquors in Dallas county, outside the corporate limits and police jurisdiction of Selma, approved December 12th, 1884." This act contains two sections. The first is amendatory of section 1 of the act of 1884, and the second is not. The first section of the amendatory act is as follows: "That section one of an act entitled an act to prohibit the sale of spirituous, vinous and malt liquors in Dallas county outside the corporate limits and police jurisdiction of Selma, be amended so as to read as follows: Any person who sells, gives away, or otherwise disposes of spirituous, vinous, or malt liquors, or intoxicating bitters, beverages or drinks, or fruits preserved in alcohol, or alcoholic liquors in Dallas county, outside the corporate limits of the city of Selma, shall be guilty of a misdemeanor, and on first conviction shall be fined not less than fifty dollars, and on second and every subse-

quent conviction shall be confined at hard labor for the county for not less than thirty nor more than ninety days." The only amendment wrought by this section of section one of the original act consisted in striking out the words "and police jurisdiction" where they occurred in the first act between the words "limits" and "of ;" the effect being to extend the prohibition over a belt of territory around and adjoining the city proper, over which the city had certain powers of police though it lay beyond its corporate limits, and which territory is not inaptly called the city's "police jurisdiction," in the first section of the original act and the second section of this one. So far as this amendatory act undertook to effect this change it was open only to the partial infirmities of the original act, which we have considered above, and which both in the original act and in this, being eliminated, leave a valid act prohibiting the *sale of spirituous, vinous* and *malt* liquors. But this act goes further and in its second section provides "that any person or persons who may have taken out license in the territory known as the police jurisdiction of Selma, outside the corporate limits, shall be entitled to have three-fourths of said license refunded, and the probate judge of Dallas county and the State Auditor are hereby directed to draw their warrants for such sums upon proof being made." This provision is not amendatory of section one of the original act, as we have seen; and hence the subject of it is not expressed in the title of the amendatory act.—*Ex parte Cowert*, 92 Ala. 94, 99. Nor would it have been covered by the title of the original act, had it been embodied in that act, which it was not, the matter of it was not expressed in the title; and the title of the amending act being that of the original act, narrowed to the latter's first section, the subject of this second section of the latter act is not expressed therein; and for this additional reason the said second section is unconstitutional and void. *Bradley v. State*, 99 Ala. 177. But, as has been expressly decided, this section for refunding license money may be stricken from the act of 1885 without detriment to the constitutional integrity of its first section, or of the original act as amended by this one.—*Bradley v. State*, 99 Ala. 177.

[State *ex rel.* Little v. Foster.]

There is no merit in the contention that the amending act is violative of the organic provision that "no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length." Const., Art. IV, § 2; *Gandy v. State,* 86 Ala. 20; *Lewis v. State,* 123 Ala. 84; *Montgomery v. State, ex rel.,* 107 Ala. 372.

We are of opinion, therefore, that the act of December 12, 1884, as amended by the act of February 17, 1885, is a constitutional and valid law prohibiting the sale of spirituous, vinous and malt liquors in Dallas county outside of the corporate limits of the city of Selma. The demurrer to the indictment in this case, which proceeded and was sustained by the circuit court upon the contrary theory, should have been overruled. The judgment sustaining the demurrer and quashing the indictment will be reversed, and a judgment will be here entered overruling the demurrer.

Reversed and rendered.