# Mitchell *v.* The State.

*Indictment for Selling Spiritous Liquors Contrary to Law.*

1. *Selling spiritous liquors contrary to law; sufficiency of evidence.*
   On a trial under an indictment charging the defendant with selling spiritous liquors contrary to law, where it is shown that in the county which was under local prohibition, the defendant, while in his store, and upon the receipt of $1.00 from a certain named person, let the latter have a quart of

[Mitchell v. The State.]

brandy which defendant had bought in another town, for and at the request of a third person, that he had paid for the brandy $1.00 which such third person had supplied for that purpose, and that he gave to said third person the $1.00 handed him by the person to whom he delivered the brandy, such evidence is sufficient to establish the sale of the brandy, and authorizes a conviction of the defendant.

2.  *Construction of dispensary act for Lauderdale county; prohibits the sale of liquor except by dispensary.*—Sections 1 and 22 of the act approved February 26th, 1903, establishing a dispensary in Lauderdale County, are sufficient, independent of the dispensary features of said act, to prohibit the sale, giving away, or otherwise disposing of spiritous liquors in Lauderdale County (Local Acts 1903, p. 62), and, therefore, without regard as to the constitutionality of the dispensary provisions in said act said sections are operative and effective.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. ED B. ALMON.

The appellant in this case was tried and convicted under an indictment, the first count of which was as follows: "The grand jury of said county charge that before the finding of this indictment, John L. Mitchell sold vinous, spirituous, or malt liquors without a license and contrary to law." The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

WALKER & FRIERSON, for appellant.—The evidence in this case did not show a sale by defendant. The case comes clearly within the purview of the recent decisions of the Court on that question.—*Young v. State,* 58 Ala. 358; *Campbell v. State,* 79 Ala. 271; *Morgan v. State,* 81 Ala. 72; *Duboise v. State,* 87 Ala. 101; *Bond v. State,* 30 So. Rep. 381; *Maples v. State,* 30 So. Rep. 427.

MASSEY WILSON, Attorney-General, for the State.

SHARPE, J.—Defendant was convicted under an indictment, the first count of which was drawn in accordance with the form prescribed by section 5077 of the Code which form has, by the terms of that section and decisions of this court been declared to be good "for

[Mitchell v. The State.]

any violation of any special and local laws regulating or prohibiting the sale of spirituous, vinous or malt liquors within the place specified."—*Cost v. State,* 96 Ala. 60; *Powell v. State,* 69 Ala. 10.

The evidence showed without dispute that defendant, in his store in East Florence, Lauderdale county, upon the receipt of one dollar from O'Brien, let the latter have a quart of brandy which he, defendant, had bought in Tuscumbia for and at the request of a third person; that he had paid for the brandy one dollar·which the third person had supplied for that purpose and that he gave to that third person the dollar handed him by O'Brien. This evidence establishes that defendant sold the brandy, and whether he did so for the accommodation of O'Brien or for profit is immaterial. In the transaction he acted as the vendor and not as the agent of O'Brien, and, therefore, the doctrine which in *Maples v. State,* 130 Ala. 121, and other like cases cited in brief of counsel was applied in exoneration of persons acting as agents for the purchase of liquor, is not here applicable.

Act·of February 26, 1903 (Local Acts, 1903, p. 62), by its title and by its sections 1 and 22 purports to prohibit the sale, giving away, or otherwise disposing of spiritous, vinous and malt liquors in Lauderdale county, otherwise than by a dispensary and a branch thereof provided for by other sections of the act, and said section 22 prescribes punishment to be imposed on any person selling, giving away or otherwise disposing of such liquors contrary to the provisions of the act. By section 29 of this act it is declared that "If said dispensary shall not be put in operation, be suspended, closed, or cease to be operated, either by action of said mayor and aldermen, and said court of county commissioners, or from any other cause, the prohibitive features of this act and the penalties herein provided shall remain in full force and effect. It being the intention of this act that the prohibition of the sale of spirituous, vinous and malt liquors herein provided for shall not be in any manner dependent on the validity of the dispensary features, but shall only be

suspended to the extent and as herein indicated, during the actual operation of the dispensary as herein provided."

Sections 1 and 22 above referred to are, independently of the dispensary features of the act, capable of operating so as according to their purport to make it a penal offense to, in Lauderdale county, sell, give away, or otherwise dispose of liquors of the kind mentioned in any quantity except by a dispensary. That the legislature intended these parts of the act should so operate is made clear by its own declaration, made in said section 29, and, therefore, in accordance with a settled rule of construction applied in *Bradley v. State,* 99 Ala. 177, and *Powell v. State, supra,* we hold they do so operate and are not affected by invalidity, if any exists, in other parts of the act. The question discussed in the brief for defendant as to the constitutionality of the dispensary provisions is not necessarily involved in this case and is not considered. The sale proved was violative of the above mentioned prohibitory part of the act in question and the judgment was not erroneous.

Affirmed.