### LENZ v. HOLT, Town Clerk.     (6 Div. 445.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

1. Statutes ⚷⇒64(1)—Objectionable part of act eliminated and statute held valid if its integrity is not affected.

Whenever a part of an act objectionable on constitutional grounds can be eliminated without affecting the purpose of the act, or its integrity as a whole, that will be done, and the valid and unobjectionable part be permitted to stand.

2. Statutes ⚷⇒64(10) — Local law sustained notwithstanding certain section not embraced in title.

Loc. Laws 1923, p. 287, the primary purpose of which is to abolish the town of Townley, as expressed in the sections of the act, particularly in section 1, and in the title of the act, and the passage of which, except as to section 3, complied with Const. 1901, § 106, is not invalidated as a whole by the assumption that section 3, prohibiting the incorporation of the same territory into a municipal corporation for a period of five years, is not embodied in or implied by the title, and hence is under the ban of Const. 1901, § 45, because, after rejecting section 3, the act is a complete statute and capable of enforcement, and in so far as it proposed to dissolve the municipal corporation it is valid.

**3. Licenses** ⊙⇒5½—**Abolition of town makes unnecessary and unauthorized license to do business as formerly prescribed by town.**

Loc. Laws 1923, p. 287, having abolished the town of Townley, no town license was required to do business in the territory formerly covered by the town, and no one was authorized to issue a license to petitioner to do business as an insurance agent.

Appeal from Circuit Court, Walker County: R. L. Blanton, Judge.

Petition of C. J. Lenz for mandamus to J. B. Holt, as Town Clerk of the Town of Townley. From a judgment dismissing the petition, petitioner appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant.

The effect of section 3 was to materially change the bill. The act therefore violated section 106 of the Constitution, and is void. Wallace v. Board of Rev., 140 Ala. 491, 37 South. 321: Ex parte State ex rel. Letford, 200 Ala. 162, 75 South. 910; Brame v. State, 148 Ala. 629. 38 South. 1031; Tillman v. Porter, 142 Ala. 372, 38 South. 647; Norvell v. State, 143 Ala. 561, 39 South. 357: Hooton v. Mellor, 142 Ala. 246, 37 South. 937; Hudgins v. State, 145 Ala. 499, 39 South. 717; Alford v. Hicks, 142 Ala. 355, 38 South. 752.

Bankhead & Bankhead, of Jasper, amicus curiæ.

The act is not void; there would be a complete enactment, if section 3 were omitted. Ham v. Buck, 156 Ala. 646. 47 South. 126; Mayor. etc., v. Cohn, 149 Ala. 316, 42 South. 827. Whether or not section 3 is void is not necessary to a decision of this case. Tallassee v. Toombs, 157 Ala. 163, 47 South. 308.

FOSTER, J. [1, 2] The Legislature of Alabama enacted a local law approved September 26, 1923, "to abolish and dissolve the municipal corporation of the town of Townley in Walker county, Ala." Local Acts 1923, p. 287. Section 1 of said act reads:

"That the municipal corporation of the town of Townley in Walker county, Alabama be and the same is hereby dissolved and abolished."

Section 2 makes provision for the disposition of all property of the municipal corporation, upon its dissolution.

Section 3 reads as follows:

"Be it further enacted that the territory included within the present municipal corporation of the town of Townley, Alabama, shall not again be incorporated or included in any municipal corporation for a period of five years from the passage of this act."

Section 4 provides that—

"If any section of this bill is declared unconstitutional that the said unconstitutional section shall not affect the validity of any other section or provision of the bill."

The pertinent part of section 106 of the Constitution of Alabama reads as follows:

"No special, private or local law shall be passed on any subject not enumerated in section 104 of this Constitution. except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law, and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties."

Notice of the intention to apply for this local bill was published for the time required by the law in the Mountain Eagle, a newspaper published at Jasper, Ala. This notice stated a verbatim copy of the bill that was later adopted, with the exception of section 3 thereof, which was incorporated in the bill during legislative process.

Appellant is a resident of Townley and applied to appellee, who was clerk of the municipality at the time of its abolition, for license to do business as an insurance agent, tendering the amount of money prescribed by the town of Townley for such license. The appellee refused to issue the license.

The appellant filed a petition in the circuit court of Walker county to require appellee to issue to him a license to do business as an insurance agent in the town of Townley, charging that the local act was unconstitutional and void. A demurrer to the petition was sustained by the court, the petition was dismissed, and the appellant brings the case here for review.

The only question involved in the case is the constitutionality of the act approved September 26, 1923, abolishing the town of Townley; the real question being whether the inclusion of section 3 in the act renders the entire act unconstitutional.

Section 1 of the act abolishing the town of Townley is covered by the published notice and the caption of the bill. The primary controlling purpose of the Legislature in the enactment of the law was that expressed in the title to abolish the town of Townley.

It may be conceded that the subject-matter of section 3 is not embraced in or implied by the title, and that it is not so correlated to the subject expressed in the title as to appear to follow as a natural and legitimate complement thereto and comes under the ban of section 45, art. 4, of the Constitution, requiring that "each law shall contain but one subject, which shall be clearly expressed in its title," but it does not follow that the whole act is unconstitutional. If the elimination of the subject treated of in the body of the enactment, and which is not expressed in its

title, would leave a law "complete within itself, sensible, capable of being executed, and wholly independent of that which is rejected," the statute will stand and be enforced as to the subject which is both expressed in the title and dealt with in the body of the act. The act without those provisions in its text which are not expressed in its title would be a complete statute, "sensible, capable of being executed and wholly independent of the" rejected provision that "the territory included within the present municipal corporation of the town of Townley, Alabama, shall not again be incorporated or included in any municipal corporation for a period of five years."

In the case of Ham v. Buck, 156 Ala. 646, 47 South. 130, our Supreme Court held:

"When only one subject is expressed in the title, and the body of the act contains matter not within the purview of the title, if such matter is distinct and separable from that expressed in the title, and the two are not dependent the one on the other, the courts will permit the one part to stand though the other may be expunged as unconstitutional, provided effect can be given to the legislative intent."

"The rule is well settled that whenever a part of an act, objectionable on constitutional grounds, can be eliminated without affecting the purpose of the act or its integrity as a whole, this will be done, and the valid and unobjectionable part be permitted to stand." Ensley v. Cohn, 149 Ala. 316, 42 South. 827; State v. Davis, 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23.

The statute under consideration is a constitutional and valid enactment in so far as it proposed to dissolve and abolish the municipal corporation of the town of Townley. State v. Davis, 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; Yerby v. Cochrane, 101 Ala. 541, 14 South. 355; Harper v. State, 109 Ala. 28, 19 South. 857; Shehane v. Bailey, 110 Ala. 308, 20 South. 359; Bell v. State, 115 Ala. 87, 22 South. 453; State v. Street, 117 Ala. 203, 23 South. 807.

[3] By the act of the Legislature, supra, the town of Townley as a municipal corporation was dissolved and abolished. No town license was required to do business in the territory formerly covered by the town, and no one was authorized to issue such license.

The demurrer to the petition was properly sustained, and the court did not err in dismissing the petition. The judgment of the circuit court is affirmed.

Affirmed.