# McCrary *v.* Williams, *et al.*

*Bill in Equity to correct Description of Property in a Mortgage, and to foreclose the Same.*

1. *Bill against married woman to foreclose mortgage; burden of proof.* On a bill filed to foreclose a mortgage, which was executed by a married woman and her husband, where, by answer the married woman sets up as a defense to the maintenance of the suit that the mortgage was executed by her to secure a debt of her husband, the burden is upon her to substantiate such fact; and upon satisfactory·proof of such fact relief can not be granted.

2. *Bill to correct misdescription and to foreclose mortgage; when relief properly denied.*—Where a bill seeks to have a misdescription of property conveyed in a mortgage corrected so as to describe the property intended to be conveyed therein and then to have said mortgage foreclosed, if upon the evidence it is shown that while there was a mistake in the description of the property conveyed in the mortgage, the mortgage was, for other reasons, void, a decree denying the relief prayed for is properly rendered.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was originally filed by J. W. McCrary against Carrie A. Williams and her husband, J. W. Williams. The bill averred the execution of the mortgage by the defendants to the complainants, for the purpose of securing an indebtedness to him. It was averred in the bill that in the description of the real estate conveyed in this mortgage, there was an error or mistake inadvertently committeed. It was further averred that there had been default made in the payment of the mortgage.

The prayer of the bill was that the mortgage be corrected so as to properly describe the lands intended to be conveyed therein, and as so corrected that said mortgage be foreclosed. Pending the suit, said J. W. Mc-

[McCrary, v. Williams *et al.*]

Crary died, and it was revived in the name of the present appellant, as his executor.

The defendant Carrie A. Williams filed an answer, in which she set up that the debt to secure the payment of which the mortgage involved in the suit was executed, was a debt of her husband, and that the lands conveyed in said mortgage were her separate estate, and said mortgage was executed by her for the purpose of securing this debt.

It was shown that there was a mistake in the description of the property as contained in the mortgage, and that the property which was intended to be conveyed by said mortgage was not properly described. The facts of the case, as disclosed by the evidence, are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor found that the debt to secure which the mortgage was given, was a debt of the husband; and that, therefore, the said mortgage as executed by said Carrie A. Williams was void. A decree was rendered denying the relief prayed for. From this decree the complainant appeals, and assigns the rendition thereof as error.

JACK & JACK, for appellant, cited, 3 Brick. Dig., 433, §§ 388, 389; *Garrett v. Garrett*, 64 Ala. 263; *Levystein v. Whitman*, 59 Ala. 345; *McWilliams v. Phillips*, 71 Ala. 80.

No counsel marked as appearing for appellee.

SHARPE, J.—In this cause a *prima facie* case was made by the complainant for the reformation and foreclosure of a mortgage given to his testator by the respondents, who are husband and wife, upon the lands of the respondent Carrie A. Williams. The defense relied on is that set up in the answer of Mrs. Williams to effect that the mortgage was given upon no other consideration that as security for a debt of her husband, and is therefore made void by section 2527 of the Code, which prohibits the wife's suretyship for the husband.

[McCrary v. Williams *et al.*]

To establish this defense the burden rests upon the respondents to prove it, and the question to be decided is whether they have done so.

For the respondents there was introduced positive testimony to the effect that previous to the execution of the mortgage in question, there had been dealings between Mr. McCrary, the deceased mortgagee, and the respondent, J. W. Williams, and of statements made by the mortgagee in which he spoke of the debt as being due for some horses and a wagon he had sold to J. W. Williams, and on which he held a mortgage due shortly before the present mortgage was executed. Taken as a whole, the evidence for the respondents if believed leads with reasonable certainty to the conclusion that this mortgage on Mrs. Williams' land was given to secure a balance due by J. W. Williams on the former mortgage and that no debt of Mrs. Williams entered into the consideration.

To this evidence there is opposed in behalf of the complainant, only the testimony of a witness who in Mr. McCrary's lifetime had charge for him of the collection of the note secured by this mortgage. He testifies that he had no personal knowledge of its consideration or whether it was given in settlement of J. W. Williams' prior indebtedness, but that the old note and mortgage remained in possession of Mr. McCrary until his death, which occurred in October, 1897; and his testimony is further directed to showing recognition of the debt by both respondents, and promises of J. W. Williams to pay it, and also a joint promise of both respondents to pay it on condition that he, the witness, would assist them in borrowing money sufficient to pay both this and another mortgage, held by a third person on Mrs. Williams' land. As to these matters the complainant's witness does not materially contradict the respondents' testimony, and is not inconsistent with the theory of the defense which is solely that the debt which the mortgage purports to secure was the debt of J. W. Williams alone. Discarding all testimony subject to objection made, enough remains to amply support that theory.

It follows that the mortgage must be held void for the reason stated, and the court will not decree reformation as to the description of property, since if corrected the mortgage would still be inoperative.

Let the decree be affirmed at appellant's cost.