[Jackson Lumber Co. v. Bass, et al.]


# Jackson Lumber Co. *v.* Bass, *et al.*

*Bill to Reform Instrument, and for Specific Performance.*

(Decided February 13, 1913.    61 South. 271.)

1. *Husband and Wife; Conveyance by Wife; Joinder.*—Under section 2707, Code 1876, a married woman could not convey her property without the husband joining therein, even though the husband was out of the state or had abandoned her, unless she had become a feme sole under the provisions of sections 2723, 2834, Code 1876.

2. *Specific Performance; Deed by Wife.*—Where the deed would be void because the husband did not join under section 2707, Code 1876, specific performance of the delivery of a deed by a married woman will not be granted.

3. *Reformation of Instruments; Validity After Reformation.*—A deed by a married woman will not be reformed as to the grantee named therein where, after reformation the deed would be void, because of the failure of the husband to join therein as required by section 2707, Code 1876.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the Jackson Lumber Company against W. H. Bass and others to reform a deed and for specific performance. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

The bill shows that the 160 acres involved was entered by John D. McRae in the year 1858, and that during the year 1861 the said McRea left home in 1861 or 1862, and entered the war between the states, and died in 1865 before returning home; that he left surviving him a widow, Mary A. McRae, now Mary Gadsden; that after the death of McRae the only child of McRae and his wife died, and the wife became invested with the title to the land, and that shortly after the death of the child McRae's widow married one Parker, and was Mary A. Parker at the time she executed the deed re-

ferred to; that the deed was made in 1868, and at the time said deed was executed Mary Parker's husband had abandoned her, or was out of the state, and that for some reason unknown to complainant the trade between Mary Parker and Hart was never consummated, and the deed never delivered; that some three or four years after the War, the exact date not being known, Mrs. Parker and one Jordan made a trade with reference to this same land, in which it was agreed and understood that title was to be made to said Jordan, and that said Jordan paid the consideration, and, all parties thereto being ignorant, the said Mary Parker delivered to said Jordan several papers connected with the land, one of which was a patent, and the deed previously prepared by her to Hart, all with the intention of carrying to said Jordan the legal title. The bill then alleges the several parties through which the land passed until it reached the present complainant. The bill then alleges a purchase by W. H. Bass of the land from Mary Parker for a nominal consideration, with knowledge that the Jackson Lumber Company claimed the land by purchase, and that, under that purchase, Bass went on the land in the year 1896 or the early part of 1897, erected a cabin thereon, and laid claim to it. The prayer of the bill is to reform the deed made from Parker to Hart so as to divest title out of Parker and vest it in Jordan, or to specifically perform the contract made by Mary A. Parker with Jordan, and a prayer for general relief. The demurrers raise the questions decided in the opinion, together with that of laches and staleness of demand.

W. O. MULKEY, for appellant. The case as presented by the bill makes it apparent that the parties intended the legal title to the land should go to Jordan,

[Jackson Lumber Co. v. Bass, et al.]

and equity should give the effect to such intention, notwithstanding it was a mistake in law and not in fact, as the mistake involves fact as well as law.—34 Cyc. 911; 119 Ala. 340; 72 Ala. 14; 69 Ala. 468; 21 Ala. 252. Our court is committed to the doctrine that equity will reform contracts so that the contracting parties may be placed in the position intended by both although the reformation deals with mistakes of law. —38 Am. Dec. 733; 39 Am. St. Rep. 833; 5 L. R. A. 712; 21 Am. St. Rep. 74; 59 Conn. 117; 119 Ala. 344; 114 Ala. 582. Mere lapse of time itself will not produce such laches as will prevent relief.—*Bank v. Nelson,* 106 Ala. 542. The statute of limitations did not begin to run, nor can laches be imputed until the disavowal and repudiation of the trust.—*Clements v. Cox,* 114 Ala. 350; *Bank v. Nelson, supra; Ashurst v. Peck,* 101 Ala. 508; *Shorter v. Smith,* 56 Ala. 208; *Jones v. Gaynor* in MSS.

J. MORGAN PRESTWOOD, for appellee. It is evident under the bill that complainant is dodging the shadow of the authority of *Bass v. Jackson L. Co.,* 169 Ala. 455. Under the facts alleged in the bill the complainant is unquestionably guilty of laches, and the court properly sustained demurrer raising this question.—*Peacock v. Bethea,* 151 Ala. 141; *Cole's Case,* 143 Ala. 427; *Harris v. Ivey,* 114 Ala. 363; *Haggerty v. Elyton L. Co.,* 89 Ala. 428. The transaction was nothing more than a verbal transaction.—*Howells' Case,* 157 Ala. 43; *City L. Co. v. Poole,* 149 Ala. 164; *Robinson v. Driver,* 132 Ala. 169; *T. C. I. & R. R. Co. v. Linn,* 123 Ala. 123 Mrs. Parker was a married woman, and had not been made a feme sole under sections 2723-2734, Code 1876, and her husband did not join as required by section 2707, Code 1876, hence, the deed was void, and can

neither be specifically performed, and if reformed as to the grantee, would still be void, so the question is one of law and not a mistake of fact, and hence, the court may not correct it.—4 Mayf. 191.

ANDERSON, J.—This bill seeks the reformation of a deed from Mary A. Parker to one Josiah Hart, which was not delivered to said Hart, so as to make one Jordan, to whom the land was sold and the said deed was delivered, the grantee therein, instead of the said Hart, or to have the contract of sale between the said Parker and Jordan specifically performed by the execution of a proper deed by the said Parker to Jordan. Construing the bill more strongly against the pleader on a demurrer thereto, the said Mary A. Parker was a married woman, both when the deed was signed in favor of Hart and when it was delivered to Jordan, and she was not joined therein by her husband; the excuse being that he had abandoned her, or was not then in the state. Under the law then in force, section 2707 of the Code of 1876 (section 2373, Code of 1867), the property of the wife could only be sold by the husband and wife, and conveyed by them jointly, by instrument in writing, attested by two witnesses or acknowledged. The sales to Hart or Jordan not having been made as required by the then existing statute, but being by the wife alone and not jointly with her husband, were void.—*Hammond v. Thompson,* 56 Ala. 589; *Alexander v. Saulsberry,* 37 Ala. 375. The statutes then controlling made no provision for the conveyance of the wife's property without being joined by the husband, notwithstanding he was out of the state or had abandoned her, unless she became a feme sole under the terms of article 4, pt. 2, c. 1, Code 1876, pp. 648-650.

[Galliland, et al. v. Williams, et al.]

Counsel for the appellant concedes that this condition will prevent a specific performance of the contract, but contends that it will not prevent a reformation of the Hart deed so as to make Jordan the grantee. Whether or not this was such a mistake as would authorize a reformation of the contract we need not decide, for it may be conceded that the same could be reformed, yet a reformation can work no benefit to this appellant. The deed before and after reformation would be the sole act of the wife, and, not being joined by her husband in the contract of sale or the deed to Hart or in the sale to Jordan, both transactions were void. Reformation will not be granted if it would be futile.— *McCrary v. Williams,* 127 Ala. 251, 28 South. 695. There can be no euqity in a bill which invokes the power of the chancery court to do a vain and useless thing. —*Gardner v. Knight,* 124 Ala. 273, 27 South. 298.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.